[No. 11454.   Department One.   December 4, 1913.]

## FRED C. MOORE et al., *Respondents*, v. GEO. C. ELLIOTT et al., *Appellants*.[1]

VENDOR AND PURCHASER—TITLE OF VENDOR—"MARKETABLE" TITLE. A contract for the sale of land calling for an abstract showing a good title, requires only a marketable title, or one that is free from reasonable doubt.

SAME—"MARKETABLE ·TITLE"—REASONABLE DOUBT.   In view of Rem. & Bal. Code, § 1326, providing that a testator shall be deemed to die intestate as to any child or children not named or provided for in the will, an abstract of title does not show a marketable title, or one free from reasonable doubt, where it appears that a posthumous child was born to a testator, in the chain of title, and his will merely devised twenty-five dollars "to each of my children," the residue to his widow, who refused to take steps ·to quiet the title as to the child; since there is reasonable danger of a lawsuit to determine the validity of the title.

VENDOR AND PURCHASER—BREACH BY VENDEE—LIQUIDATED DAMAGES.   On breach of a contract for the trade of properties, by failure of one of the parties to furnish an abstract showing good title, the other party is entitled to a return of his abstract, and to retain a sum paid on the purchase, as stipulated damages, the contract so providing.

Appeal from a judgment of the superior court for King county, Everett Smith, J., entered March 5, 1913, upon findings in favor of the plaintiffs, in an action for specific performance.   Reversed.

*W. D. Lambuth,* for appellants.

*A. A. Booth,* for respondents.

ELLIS, J.—Action to compel specific performance of a contract for the sale of real property.   The material facts are not disputed.   On April 11, 1912, the plaintiff Moore, on behalf of the marital community consisting .of himself and wife, entered into a written contract with the defendants ·for the purchase of certain real estate belonging to the defend-

[1]Reported in 136 Pac. 849.

ants, and paid $100 on the purchase price. In payment of the remaining consideration, the plaintiffs were to convey to the defendants certain lots in the city of Seattle, and furnish an abstract showing good title. The abstract furnished showed that the title offered depended on a conveyance to the plaintiffs from one Flora Ryder, the widow of Heman S. Ryder, deceased; that Heman S. Ryder, being then the owner of the lots in question and other property, made his last will and testament on April 11, 1910, which will contained the following material provisions:

"First, I give to each of my children ($25) twenty-five dollars.

"Second, To my beloved wife, Flora Ryder, I give, devise and bequeath the residue of my estate both real and personal of which I may die possessed, to be under her full control without the intervention of the courts after will is probated."

At the time this will was made, the Ryders had four minor children. About five months thereafter, and about seven months previous to the death of the testator, a fifth child was born. The defendants, after an examination of the abstract, notified the plaintiffs that the title to the property in question would not be accepted until the plaintiffs had perfected it by eliminating or quieting title against any claims of these children. The plaintiffs, refusing to take any action to perfect the title, brought this suit. From a judgment in favor of the plaintiffs, the defendants appeal.

The sole question presented for our consideration is whether the title tendered was free from reasonable doubt, hence a "marketable" title.

A title to be marketable need not be perfect—free from every possible technical criticism, but it must be reasonably safe; that is to say, such that a reasonably well informed and intelligent purchaser, exercising ordinary business caution, would be willing to accept.

"The authorities hold that to render a title marketable it is only necessary that it shall be free from reasonable doubt,

in other words, that a purchaser is not entitled to demand a title absolutely free from every possible technical suspicion, he can only demand such title as a reasonably well informed and intelligent purchaser acting upon business principles would be willing to accept." *Cummings v. Dolan,* 52 Wash. 496, 100 Pac. 989, 132 Am. St. 986.

See, also, *Summy v. Ramsey,* 53 Wash. 93, 101 Pac. 506; *Milton v. Crawford,* 65 Wash. 145, 118 Pac. 32; *Somers Co. v. Pix,* 75 Wash. 233, 134 Pac. 932. We are not called upon to decide whether the title offered was in fact good, or whether we would so hold it, were that question before us. Granting that it was, the question remains: Was that fact so free from doubt that a reasonably well informed and intelligent purchaser of ordinary business caution would accept it?

We will assume that such a purchaser would take legal advice and would be informed as to the provisions of our statute and the decisions of this court touching the naming or provision for children in wills. He would learn that the statute, Rem. & Bal. Code, § 1326 (P. C. 409 § 41), provides that:

"If any person make his last will and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided for in such will, although born after the making of such will, or the death of the testator, every such testator, so far as he shall regard such child or children, or their descendants, not provided for, shall be deemed to die intestate, and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them and all the other heirs, devisees, and legatees shall refund their proportional part."

He would be advised that this court has declared that:

"All of the authorities are agreed upon the proposition that the object of this and similar statutes is not to compel the testator to make any substantial provision for his children, but is simply to provide against any such children being disinherited through inadvertence of the testator at the time

he makes his will." *Bower v. Bower*, 5 Wash. 225, 31 Pac. 598.

He would probably be informed that, in the same case and in at least one other case, this court has held that the terms of a will, as affected by this statute, cannot be aided by extrinsic proof (*Hill v. Hill*, 7 Wash. 409, 35 Pac. 360), and that, in the last mentioned case, this court said that, by the admission of such proof, "the sins of avarice and false swearing would receive an impetus not hitherto dreamed of in connection with decedents' estates."

He would, of course, know that, in the nature of the case, the testator could not actually designate by name any child to be born after the will was made, but his common sense would suggest that if the testator knew of the imminent advent of such a child, or had in mind that contingency and desired to provide for it he could easily and unequivocally do so by simply adding to the general designation "each of my children" the words "now living or hereafter born" or words of similar import. Suggesting this to his attorney, he might even be advised that since a will, in the absence of an expressed intention therein to the contrary, will be held to speak as of the date of the death of the testator and that, therefore, the courts would probably hold that the designation "each of my children," when coupled with a provision for each, would include children born after the making of the will but prior to the death of the testator, but he would also be told that this court has never yet so held. He would doubtless be told that our statute, though similar in purpose to those of other states, is unlike nearly all of them in terms (*Bower v. Bower,* and *Hill v. Hill, supra*), and that until this identical question has been passed upon by this court, in a proper case, there will always be reasonable danger of a lawsuit to that end. We cannot say, as a matter of law, that a reasonably intelligent purchaser of ordinary business caution so informed would be willing to accept such a title, nor that he should be compelled to accept it.

If the youngest of these children had attained the lawful age, and the title had remained unquestioned since that child's majority for a period equal to the appropriate statute of limitations, a different question would be presented. *Milton v. Crawford, supra.*

With the facts as they are, we cannot say that the appellants' refusal to accept the title tendered was arbitrary, capricious, or unreasonable. They are entitled to retain the $100 paid upon the contract, as liquidated damages, since the contract so provides, and to have their abstract returned as prayed in their answer.

The judgment is reversed, and the cause is remanded for judgment in accordance with this opinion.

Crow, C. J., Main, Chadwick, and Gose, JJ., concur.