[No. 39318.    Department One.    October 11, 1968.]

SAFECO INSURANCE COMPANY et al., *Respondents,* v. DAIRY-LAND MUTUAL INSURANCE COMPANY, *Appellant,* LEONARD G. JORGENSEN, *Respondent.**

*Merrick, Douglas & Burgess, Donald R. Douglas,* and *Alfred Gardiner Rode,* for appellant.

*Gordon, Honeywell, Malanca, Peterson & Johnson,* by *Warren R. Peterson* and *Richard J. Jensen,* for respondents.

McGOVERN, J.—Plaintiffs brought this action in declaratory form asking the trial court to rule on a question of insurance coverage. Plaintiff Safeco Insurance Company

*Reported in 446 P.2d 568.

may be referred to as Safeco and defendant Dairyland Mutual Insurance Company referred to as Dairyland Mutual.

On August 22, 1964, J. Viola Benson, then in need of automobile liability insurance, discussed possible coverage with a Dairyland Mutual salesman, Mr. Robert Thompson. They considered the fact that her nephew, Harold S. Waller, Jr., was under the age of 25 years and occasionally used her automobile.

A policy was ordered and the premium paid. The amount of that premium was based partly on a policy exclusion which provided no liability coverage while the automobile was being driven by a person under the age of 25 years.

Subsequently, on October 31, 1964, Harold S. Waller, Jr. was driving the J. Viola Benson automobile with her express permission and was involved in an accident. J. Viola Benson telephoned Mr. Thompson, advised him of the accident and also stated that she had not received her insurance policy. She, as the named insured, then received through the mail a pink-colored copy of a Dairyland Mutual policy marked "loss payee copy." It did not contain an exclusion for drivers under the age of 25 years.

When sued on account of the automobile accident, Harold S. Waller, Jr. tendered the defense of the action to his father's liability carrier, Safeco. He is an additional insured under that policy. Safeco, in turn, tendered the defense to Dairyland Mutual, but it declined the tender and denied coverage. Plaintiffs then brought this action, asking the trial court to declare Harold S. Waller, Jr. an additional insured under the J. Viola Benson policy with Dairyland Mutual. The relief prayed for was granted and this appeal taken.

Dairyland Mutual first argues that its motion to dismiss at the close of plaintiffs' case should have been granted. That motion was premised on the argument that the insurance contract in issue was only between J. Viola Benson and Dairyland Mutual and that therefore the plaintiffs had no standing in court to question it. We do not agree.

■ Dairyland Mutual's argument assumes an answer to the very issue created by the claim. Plaintiffs allege that Harold S. Waller, Jr. is an additional insured under the Dairyland Mutual-Benson policy; Dairyland Mutual claims that he is not. That variance creates an actual, immediate and justiciable issue between them. Many rights and obligations ride on the answer to that question. If he is an additional insured, then Dairyland Mutual is his prime insurer and must defend him in the existing lawsuit. If he is not an additional insured, then Safeco alone insures, and must defend him. We think the issue of coverage and the interests dependent on an answer to the issue create a case that falls squarely within the purposes of our Declaratory Judgments Act[1] and that the plaintiffs were entitled to be heard. *State ex rel. O'Connell v. Dubuque,* 68 Wn.2d 553, 413 P.2d 972 (1966); *Government Employees Ins. Co. v. Woods,* 59 Wn.2d 173, 367 P.2d 21 (1961).

■ Dairyland Mutual next complains of the trial court's finding that J. Viola Benson did not receive the original insurance policy with a restrictive endorsement. It contends that the policy was mailed to her and must have been received. There was, however, no direct evidence that she did. In fact, she testified that she did not. And the record indicates that her testimony was sufficiently credible to support the court's finding that she had not. We will not disturb that finding and thus substitute our judgment for that of the trial court. *N. Fiorito Co. v. State,* 69 Wn.2d 616, 419 P.2d 586 (1966); *Cowitz v. Miller,* 68 Wn.2d 637, 414 P.2d 795 (1966).

Finally, it is argued that the trial court erred in its determination that the terms of the insurance contract in effect at the time of the accident were those contained in the

[1]RCW 7.24.010 provides: "Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. An action or proceeding shall not be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

"loss payee copy" received by J. Viola Benson. In the direct light of our state insurance code it could not have held otherwise.

■ That code provides, in part, that "every policy shall be delivered to the insured . . . within a reasonable period of time after its issuance." (RCW 48.18.260) And the trial court found that the only insurance contract delivered to J. Viola Benson within the approximate 2-month period between the time the policy was ordered and the time the accident occurred was the "loss payee copy" contract. The court then rightfully concluded that it constituted her insurance contract with Dairyland Mutual. That contract did not contain a driver age restriction and Harold S. Waller, Jr. was therefore an additional insured under its omnibus clause.

Nor could this written contract of insurance be modified to add a driver age restriction to it. Our insurance code prohibits an addition to a policy when the addition, as here requested, is neither in writing nor a part of the policy. RCW 48.18.190 provides, in part, that "[n]o agreement in conflict with, modifying, or extending any contract of insurance shall be valid unless in writing and made a part of the policy." *Also see National Indemnity Co. v. Smith-Gandy, Inc.,* 50 Wn.2d 124, 309 P.2d 742 (1957).

It is then suggested by Dairyland Mutual that the insuring contract might be reformed by the court to provide an exception for drivers under the age of 25 years. This is so, it argues, because the trial court found that J. Viola Benson agreed at the time she ordered the policy that "she would have no coverage for a male driver under the age of 25 years." It is said that the contract would then be in the form as initially contemplated by the parties.

■ The trial court expressly stated that it could not find by anything more than a mere preponderance of the evidence that J. Viola Benson agreed to a driver age restriction. It could not then, with that finding, reconstruct the agreement. Reformation will lie only when supported by clear, cogent and convincing evidence. *Bergstrom v.*

*Olson,* 39 Wn.2d 536, 236 P.2d 1052 (1951); Restatement of Contracts § 511 (1932).

The order of the trial court is affirmed.

WEAVER and HALE, JJ., and DONWORTH, J. Pro Tem., concur.

FINLEY, C. J., concurs in the result.