[No. 39657.    Department Two.    April 24, 1969.]

THOMAS O. BROWN *et al., Respondents,* v. GARY R. HERMAN
*et al., Appellants.* *

\*Reported in 454 P.2d 212.

*Howard H. Herman,* for appellants.

*George J. Tichy* and *Randall, Danskin, Lundin & Allison,* by *Paul J. Allison,* for respondents.

HAMILTON, J.—Respondents brought this action to recover unpaid installments due under a contract for the sale of real and personal property to appellants. Appellants counterclaimed for rescission of the contract and restitution. Respondents replied with allegations of waiver and estoppel. Trial was had before the court sitting without a jury. Appellants' counterclaim was denied and judgment was entered for respondents in the amount of five monthly installments then due, plus attorneys fees as provided in the contract. This appeal ensued.

The property in question is a grocery store, gas pump, tavern, and lunch-counter business located in and about a single building in which there is also an apartment; the business inventory and equipment; and the real property on which the building is situated, all at Liberty Lake, Spokane County, Washington. Respondents had initially leased the premises from the former owner in 1942 and thereafter, in 1948, purchased the entire operation, and carried on the business as owners through 1961.

In November, 1961, appellant Gary R. Herman, a native of Liberty Lake, through his mother, then a resident of Liberty Lake, entered into negotiations with respondents concerning purchase of the premises and business. During the course of these negotiations, appellant Gary R. Herman visited and inspected the property several times. As an outgrowth of the negotiations the sales contract in question was entered into on December 27, 1961, by the terms of which appellants agreed to purchase the business equipment and property for a total price of $27,000, exclusive of

inventory. After making the down payment and purchasing the inventory, appellants contracted to pay the balance at the rate of $200 or more per month. The contract contained, among others, the following provisions:

1. The Purchasers agree to purchase from the Sellers and the Sellers agree to sell to the Purchasers upon the terms and conditions herein set forth the following real estate situated in the County of Spokane and State of Washington, . . .

. . .

*subject to the covenants and restrictions common to the plat. . . .*

. . .

21. The Sellers represent to the Purchasers that they have legal title to the real property herein agreed to be sold to the Purchasers which is free and clear of all encumbrances of every kind and description excepting only those covenants and restrictions common to the plat of the real property herein involved including but not limited to . . . building restrictions common to the platted tract in which the property is situated; . . . zoning restrictions and regulations.

(Italics ours.)

Possession of the premises and business was delivered to appellants on January 1, 1962. They have, personally or through tenants, operated the business, under a different name, substantially as respondents had until July, 1966, when the present dispute arose. During this period of operation the business grossed approximately $64,000 annually.

While they were in possession, appellants removed or dismantled several pieces of equipment without respondents' approval as required by the contract. In addition, appellants initiated, but did not complete, remodeling projects, by virtue of which several partitions were torn down, the interior of the building left unfinished, and the business discontinued.

In addition to prevailing zoning regulations, the property, as part of a larger plat, is subject to recorded restrictive conditions, among which is one prohibiting the sale of intoxicants on the premises and another requiring specified

building set backs from abutting streets. The existence of such conditions was twice noted in the sales contract as well as being quoted at length in the policy of title insurance provided by respondents. Whether the conditions are presently enforceable need not now be decided.

The present dispute between the parties arose in the following manner: The lease of appellants' tenants was to expire on June 30, 1966; appellants attempted to sell the business and property to third persons, or alternatively to extend the lease of the tenants; neither effort was successful for reasons which do not appear in the record; and appellants then determined to remodel the premises and operate the business themselves.

In July, appellants procured a survey of the property as was required by the various county agencies from whom they were required to get building permits for and approval of their remodeling plans. The survey revealed, among other things, that the building involved was set back from the right-of-way line of Melkapsi Street, abutting the front of the property, only 1.1 to 1.6 feet contrary to the restrictive conditions appertaining to the plat, which required an 8 foot set back. In addition, the survey revealed that an unattached 3½ foot sidewalk running along the front of the building encroached into the right of way of the street a varying distance of 1.9 to 2.4 feet, and that the gas pump situated on the sidewalk and its subterranean tank under the sidewalk extended into the right of way area a short but undetermined distance.

Appellants submitted the survey and their remodeling proposals to the Spokane County Planning Commission. That agency then wrote appellants advising them that the permit could not issue without variances being obtained from the Spokane County zoning adjuster. Appellants, without pursuing the matter further, abandoned their plans and, on August 11, 1966, wrote to respondents demanding that the contract be rescinded. Respondents refused and, in turn, demanded that appellants make the July and August, 1966, contract installment payments then due. Appellants demurred and this suit followed.

On appeal, as they did in the trial court, appellants essentially rely upon two grounds to support their claim for rescission. First, appellants claim that respondents misrepresented the boundaries of the property during the negotiations leading up to the sale. Second, they contend that the title to the property is unmarketable because (a) the premises violated the two restrictive conditions referred to above, and (b) the sidewalk and the gas tank encroached upon the street right of way.

At trial, it was revealed that the right of way for Melkapsi Street is 50 feet wide, approximately 30 feet of which is paved. It was also established that no one in possession of the property had been threatened or disturbed in that possession by either private individuals or public officials since at least 1942, and that the sidewalk has been in its present location and condition since constructed by respondents in 1948 or 1949.

Spokane County had not in the past required permits for construction in or upon public rights of way. However, in 1965, an ordinance was enacted which required that one proposing construction in a public way obtain a permit from the county engineer. Under authority of that ordinance and others in effect the engineer was authorized to and did promulgate a policy allowing the construction of sidewalks which, with allowance for curbing, encroach no more than 5 feet upon unpaved portions of a 50-foot street right of way. While the sidewalk in the instant case encroaches upon the right of way of Melkapsi Street less than 5 feet, it contains a slight jog which does not meet present structural requirements established by the county engineer, a defect which respondents indicated a willingness to correct. Respondents likewise expressed a willingness to correct any encroachment of the gas tank.

After hearing the evidence and viewing the premises, the trial court found as a fact that respondents had made no misrepresentations concerning the boundaries of the property and further determined that appellants had waived, or were precluded by laches from asserting, their claims concerning marketability of title.

Appellants' first assignments of error are directed to the trial court's findings related to their allegations of misrepresentation.

■ We have carefully reviewed the evidence in this regard, and appellants' contentions with respect thereto. Suffice it to say the testimony is conflicting, and the trial court was clearly entitled under the evidence to find either that appellants had failed to sustain their burden of proof or that, in fact, no misrepresentations had been made by respondents. Either determination would find ample justification or support in the evidence. Under these circumstances we will not substitute our judgment for that of the trial court. *Safeco Ins. Co. v. Dairyland Mut. Ins. Co.,* 74 Wn.2d 669, 446 P.2d 568 (1968); *Dix Steel Co. v. Miles Constr. Inc.,* 74 Wn.2d 114, 443 P.2d 532 (1968). Accordingly, we find no merit in these assignments of error.

Appellants' remaining assignments of error concern themselves with their contention that the title to the property in question is unmarketable. The issues so raised may be conveniently discussed in two parts.

First, appellants assert that the presently existing violations of the restrictive conditions of the original plat, concerning the sale of intoxicants and set-back requirements, render the title unmarketable, despite the clause in the contract which provides that the conditions themselves are not to be deemed encumbrances. In support of their contentions they cite *Hebb v. Severson,* 32 Wn.2d 159, 201 P.2d 156 (1948).

In *Hebb v. Severson, supra,* we held that presently existing violations of restrictive conditions, as distinguished from the conditions themselves, could be encumbrances which would render title to real property unmarketable, at least absent a showing that the restrictions were unenforceable. It was pointed out, however, in the *Hebb* case that although there was evidence that the purchaser had notice of the restrictive conditions there involved, there was no evidence that the purchaser had notice or knowledge that the property in question violated the restrictions. Such is

not the situation in the instant case, and *Hebb*, is, therefore, distinguishable.

█ In the present case, appellants knew, or should have known, there were restrictive conditions applicable to the premises they were purchasing. The conditions were of record, their existence was called to appellants' attention twice in the contract of sale, and the policy of title insurance furnished by respondents quoted the conditions at length. Under these circumstances appellants cannot now gracefully or convincingly deny knowledge of the existence of such conditions.

Appellants also knew that intoxicating beverages were being dispensed on the premises. That activity was part of the business they were purchasing. In fact, the contract called for a transfer of the liquor license to appellants as an incident of the sale of the premises and provided that if the transfer was not officially approved the contract of sale would be nullified.

With respect to the building setback restrictions, exhibits in the record, including photographs, make it abundantly clear that the most casual observation of the property would disclose that the building was closer to the right of way of Melkapsi Street than 8 feet. Appellant Gary R. Herman's familiarity with the area and his several visits to the premises during negotiations provided ample opportunity for appellants to become aware of the setback violation.

Thus, contrary to the facts in the *Hebb* case, appellants are not only chargeable with knowledge of the restrictive conditions of the plat, but are also chargeable with knowledge of facts disclosing the asserted violations of the restrictions.

The trial court, therefore, did not err in determining that appellants' 4½ year occupancy and use of the premises under the contract erected a bar, by way of waiver or laches, to a claim for rescission of the sales contract predicated upon a challenge to the marketability of respondent's title because of the asserted violations of restrictive conditions. *Cf. Power v. Esarey*, 37 Wn.2d 407, 224 P.2d 323

(1950); *Erckenbrack v. Jenkins*, 33 Wn.2d 126, 204 P.2d 831 (1949); *Central Life Assurance Soc'y v. Impelmans*, 13 Wn.2d 632, 126 P.2d 757 (1942).

Appellants next contend that the encroachment of the sidewalk and subterranean gas tank into the right of way of Melkapsi Street constitutes an encumbrance which renders title to the property unmarketable, and further that the trial court erred in holding them barred from complaining of the encroachments.

■ We are inclined to agree with appellants that the trial court improperly charged them with laches or waiver in asserting this claim, for the evidence reveals no particular facts known or that should have been known by appellants which would have disclosed the actual encroachments or otherwise put them to the duty of investigating to determine if there was any encroachment. Absent such facts, appellants' mere possession or occupancy of the premises would not operate, by itself, to put appellants upon notice. *Lou v. Bethany Lutheran Church*, 168 Wash. 595, 13 P.2d 20 (1932); *Starwich v. Ernst*, 100 Wash. 198, 170 P. 584 (1918). Appellants were not, therefore, chargeable with unreasonable delay in discovering and asserting their claim.

This is not to say, however, that the trial court improperly dismissed appellants' counterclaim.

■ We have defined a marketable title as one being free of reasonable doubt and such as a reasonably informed and intelligent purchaser, exercising ordinary business prudence, would be willing to accept. *Hebb v. Severson, supra.* Such a title need not be perfect in the sense that it is free from every conceivable technical criticism or suspicion, but only from those possibilities of a defect which would give rise to a reasonable question as to its validity. *Milton v. Crawford*, 65 Wash. 145, 118 P. 32 (1911); *Moore v. Elliott*, 76 Wash. 520, 136 P. 849 (1913); *Hebb v. Severson, supra.*

■ Encroachments from or onto adjoining land may render unmarketable the title of property to be sold. *Zie-*

*barth v. Manion*, 161 Wash. 201, 296 P. 561 (1931); *Empey v. Northwestern & Pac. Hypotheekbank*, 129 Wash. 392, 225 P. 226 (1924). Similarly, encroachments from land to be sold onto an abutting public right of way may, under some circumstances, affect marketability of title. *Marketable Title*, Annot., 57 A.L.R. 1253, 1451 (1928); *Marketable Title —Encroachments*, Annot., 47 A.L.R. 2d 331, 349 (1956). As to the latter point, there has been some variation in the statement of the rules as to when such an encroachment will render title unmarketable. Consequently there has been differences of judicial opinion as to what particular circumstances or factors are to be considered relevant and as to the weight to be attached to various elements.

Our review of the pertinent cases and annotations leads to the conclusion that the doctrine of marketable title, when applied to encroachments on a public right of way from abutting property, should be applied to fairly protect the purchaser of the property against possible and reasonably foreseeable removal actions by public authorities under circumstances in which a forced removal of the encroachment would cause substantial damage or loss to the purchaser.

The primary, but not necessarily the only, factors to be considered in determining whether a particular encroachment onto a public way renders title to the pertinent property unmarketable are: the character and extent of the encroachment; whether it substantially interferes with the present or reasonably foreseeable future use of the right of way by the public; whether the cost of removing the encroachment is substantial; whether the effect of forced removal would substantially injure the property or unduly interfere with its normal use; and whether, under existing official policy in the form of ordinances, regulations, or long-standing custom, encroachments of the type and extent involved are permitted to exist unchallenged by public officials.

Turning, then, to the instant case the established facts are that Spokane County formalized a permissive policy of

allowing sidewalks to encroach up to 5 feet onto a public way such as the one here involved; the sidewalk in question encroaches on the public way less than the 5 feet allowed; the subterranean gas tank encroaches, if at all, an undetermined distance; respondents have offered and stand ready to bear the expense of correcting any encroachment of the gas tank and of bringing the sidewalk into conformity with existing county requirements; no public official or private individual has challenged the right to maintain the sidewalk in its present location or condition since it was constructed some 20 years ago. Furthermore, there is no evidence that the sidewalk or the gas tank interferes with or will be likely to interfere with the public's use of the right of way, and it does not appear from the evidence that the character of the neighborhood is changing in such a fashion that it is likely that public officials will require the encroachments to be removed in the near future.

Under these circumstances, we conclude that the encroachments complained of do not presently render title to the property involved unmarketable. Accordingly, the trial court did not err in dismissing appellants' counterclaim.

The judgment is affirmed.

HUNTER, C. J., FINLEY and NEILL, JJ., and OTT, J. Pro Tem., concur.