[No. 1871-1.    Division One.    July 23, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. BRIAN JAMES KING, *Appellant*.

*Kenneth E. Kanev,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *William J. Murphy, Deputy,* for respondent.

FARRIS, J.—Brian James King was arrested by Seattle police officers while illegally hitchhiking within the city limits on May 15, 1972. He was asked whether he had any outstanding warrants while a citation was being written and he answered that he might. He was detained for about 10 minutes while a check was made.

When the police confirmed that there was an outstanding warrant, Mr. King was searched and transported to the Seattle city jail. At the station he was observed depositing in a cigarette receptacle what was later identified as amphetamine pills. He was advised of his constitutional rights following the observation. He indicated understanding and said nothing about the pills.

He was thereafter charged with violation of the Uniform Controlled Substances Act and convicted. He appeals.

He argues that the cause should have been dismissed below on the grounds that his constitutional rights of due process of law and equal protection of law were violated.

The basis of his argument is that the offense for which he was charged is a felony under statutes of the State of Washington while identical conduct is charged as a misdemeanor under an ordinance of the City of Seattle.

RCW 69.50.401 (c) provides:

It is unlawful for any person to possess a controlled substance . . . Any person who violates this subsection is guilty of a crime, and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both, . . .

RCW 69.50.208 provides:

Schedule III. (a) The controlled substances listed in this section are included in Schedule III.

(b) Any material, compound, mixture, or preparation which contains any quantity of the following substances having a potential for abuse associated with a stimulant effect on the central nervous system:

(1) Amphetamine, its salts, . . .

The Seattle City Code § 17.08.010 (a) provides in pertient part: "It is unlawful to . . . possess or use any dangerous drug . . ." Seattle City Code § 17.08.010 (b) provides: "The term 'dangerous drug' for the purpose of this chapter means and includes any of the following drugs: . . . Amphetamine, . . ." Seattle City Code § 17.08.060 provides:

The violation of, or failure to comply with, any provision of this chapter shall be punishable by a fine not exceeding Five Hundred Dollars ($500.00) or by imprisonment in the City Jail for a term not exceeding six (6) months, or by both such fine and imprisonment.

He argues that amphetamine is both a controlled substance for purposes of the state statute and a dangerous drug for purposes of the city ordinance and concludes that possession thereof, if within the city of Seattle, and, if proven, would constitute a violation of either law. He concludes that he was denied equal protection of the law and due process of the law guaranteed to him by the fourteenth amendment to the United States Constitution and article 1, section 12 of the Washington State Constitution in that the state statute carrying a more severe penalty than the city code is being selectively applied against him.

■ There is no denial of equal protection

unless there is shown to be present in it an element of intentional or purposeful discrimination.

*Snowden v. Hughes,* 321 U.S. 1, 8, 88 L. Ed. 497, 64 S. Ct. 397 (1944). Selective enforcement of a penal statute may give rise to a violation of equal protection.

> Though the law itself be fair on its face and impartial in appearance, . . . if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the Constitution.

*Yick Wo v. Hopkins,* 118 U.S. 356, 373, 30 L. Ed. 220, 6 S. Ct. 1064 (1886).

King has adduced no proof establishing the purposeful discrimination necessary to meet the *Yick Wo* requirement that a law has been "applied and administered by public authority with an evil eye and an unequal hand." His proof goes only to the possibility of discrimination by selective enforcement. This is not sufficient to raise the constitutional question of equal protection.

> [T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Therefore grounds supporting a finding of a denial of equal protection were not alleged. *Oregon v. Hicks,* 213 Ore. 619, 325 P.2d 794 (1958); cf. *Snowden v. Hughes,* 321 U.S. 1 (1944); . . .

*Oyler v. Boles,* 368 U.S. 448, 456, 7 L. Ed. 2d 446, 82 S. Ct. 501 (1962).

■ Mr. King argues that the amphetamine tablets were seized unlawfully and should be suppressed and excluded from evidence for the reason that detention pending the warrants check constituted an illegal arrest. We reject the argument. Mr. King was under arrest for the approximate 10 minutes of detention but he was arrested properly for an

offense committed in the officers' presence. Although he could have been cited and released, we find no constitutional violation in the conduct of the police during what was a normal investigation; none has been advanced.

■ We find no error in the admission into evidence of the Seattle Police Department booking sheet and the Seattle Police Department record of arrests. They were properly admitted under RCW 5.44.040, the public record exception to the rule against the admissibility of hearsay evidence.

There is no merit to the argument that the quantity of the amphetamine possessed was not enough to constitute a violation of the act. The legislature has provided that the possession of any amount of a controlled substance is unlawful unless otherwise authorized by statute.

> It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter.

RCW 69.50.401(c).

Affirmed.

HOROWITZ and JAMES, JJ., concur.

Petition for rehearing denied October 15, 1973.

Review denied by Supreme Court December 14, 1973.