[No. 6558–1.   Division One.   July 9, 1979.]

THE CITY OF BURLINGTON, ET AL, *Respondents,* v. ROBERT
D. KUTZER, ET AL, *Appellants.*

*K. R. St. Clair* and *Richard A. Weyrich,* for appellants.

*Alfred G. Rode, John M. Meyer,* and *Lee A. Holley,* for respondents.

SWANSON, A.C.J.—The City of Burlington and the Concerned Citizens Group of Burlington succeeded in a suit to abate operation of "Bob's Hall" as violating an applicable zoning ordinance and being a public nuisance. Robert

Kutzer, owner and operator of Bob's Hall, now appeals, arguing findings of fact lacked adequate evidential support and denial of equal protection of the law. We disagree with appellant's contentions and affirm.

In 1973, Kutzer purchased a building formerly used as a church in Burlington, Washington, to continue operation of bingo contests under a license issued to the St. Charles Catholic Church. Kutzer titled the building "Bob's Hall." In 1974, the City of Burlington issued a requested building permit to remodel a floor, thus allowing assembly of up to 300 people. The church and other groups rented Bob's Hall for bingo and other activities including dances, weddings, and receptions.

The enterprise led to neighborhood complaints over litter, noise, and parking problems. The City and the intervening citizens group therefore brought suit alleging Kutzer's use of the property amounted to a nuisance and was in violation of the applicable city zoning ordinance. That ordinance, "R–1 SINGLE FAMILY RESIDENCE DISTRICT," provides in pertinent part:

4.1.1 USE REGULATIONS.
A.  Permitted primary uses:
1. Single Family Dwellings. . . .
2. Churches, community club houses, non–commercial art galleries, libraries or museums, schools, college, parks, provided that no such building shall occupy more than 50 per cent of its site area in an R–1 District.

Kutzer argued Bob's Hall was a community club house and thus permitted within the ordinance. The definition of "club" within the ordinances reads:

CLUB. An incorporated or unincorporated association of persons organized for a social, educational, literary or charitable purpose. Property occupied by a club shall be deemed to be semi–private in character and shall be subject to the regulations governing public buildings and places.

The trial court found, however, Bob's Hall did not fall within any of the permitted uses under the zoning code, and enjoined as a public nuisance the operation of bingo

games and the food concession and the renting of the hall for private parties and social functions.

On appeal, Kutzer initially challenges the trial court's finding that Bob's Hall was not a community club house. The challenged finding of fact No. 19 reads in part:

> The activities conducted by the defendants at Bob's Bingo Hall are not such activities that would classify the use as a "church" under the terms of the Burlington Zoning Ordinance. Neither can the use of the building bring it within the term "community club house" as that term is contemplated by the ordinance. In view of all the facts and circumstances, the use being made of the premises is a commercial enterprise.

Kutzer argues Bob's Hall should have been found to be a community club house, primarily on the grounds of the similarities between Bob's Hall and the nearby Burlington Community Hall, identically zoned.[1] The standard for reviewing a challenged finding of fact is well established. Where a trial court's determination of fact would find "ample justification or support in the evidence," the reviewing court will not substitute its judgment for that of the trial court. *Brown v. Herman,* 75 Wn.2d 816, 821, 454 P.2d 212 (1969); *Safeco Ins. Co. v. Dairyland Mut. Ins. Co.,* 74 Wn.2d 669, 446 P.2d 568 (1968).

Here the record offers abundant support for the trial court's finding that Bob's Hall was not a community club house. Evidence introduced included federal income tax returns, advertising, and real estate tax records. Numerous findings of fact reflect the business nature of the operation and, being unchallenged, are to be considered verities.[2]

---

[1]Respondents argue Kutzer is precluded from raising this argument for failure to propose alternative findings of fact. Such a contention is incorrect. *See* CR 52(a)(3).

[2]Findings of fact Nos. 10 through 14 read as follows:

10

"That the St. Charles Catholic Church and the Skagit Valley Raiders pay rent to the defendants for the use of the premises. That in addition, the defendants conduct a food concession on the premises for the people who are playing bingo."

*Guay v. Washington Natural Gas Co.,* 62 Wn.2d 473, 477, 383 P.2d 296 (1963). In summarizing the evidence before it, the trial court noted:

> Mr. St. Clair argues this was not a business. The court finds to the contrary. I suppose the most convincing piece of evidence which the court would find that there is a commercial enterprise is the way it is handled on Mr. Kutzer's Internal Revenue report. It is handled like a furniture store. There is a depreciation schedule—assets are being depreciated. There is a set up on the reporting of rents, income, various exemptions, the right–offs [ *sic*] that are available to commercial enterprises are there in black and white in the Internal Revenue return.

Kutzer responds only that similar activities occurred, and complaints arose, during the operation of the Burlington Community Hall. Whether that hall also exists in violation of zoning ordinances carries no relevant weight regarding the question of possible violation by Bob's Hall. The trial court's findings will therefore be upheld.

Kutzer also argues, however, that the trial court erred by ignoring and excluding evidence of similarities between the Burlington Community Hall and Bob's Hall, as such allegedly established a denial of equal protection due to the selective prosecution of Bob's Hall. Kutzer relies on *Yick*

---

[11] "That the defendants rent the premises to such corporations as Puget Sound Power & Light and Cascade Natural Gas for employee functions and to individuals and other organizations for such activities as parties and receptions."

[12] "That the defendants advertised their facility in the Upper Skagit Valley Directory and in the Skagit Valley Herald as 'Bob's Hall.'"

[13] "That the defendants, on their 1977 federal income tax return, reported the rental received on the Hall as rental income, deducted expenses of ·operation, deducted depreciation on the building and on the improvements. That income is reported from the food concession and expenses are deducted as business expenses."

[14] "That the property is assessed for real estate tax purposes on the basis of private ownership and not on the basis of a church or nonprofit association."

*Wo v. Hopkins,* 118 U.S. 356, 373–74, 30 L. Ed. 220, 6 S. Ct. 1064 (1886), wherein the court held:

Though the law itself be fair on its face and impartial in appearance . . . if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the Constitution.

■ While selective enforcement of an otherwise nondiscriminatory law may be unconstitutional, a heavy burden rests on one claiming such to demonstrate intentional discrimination. Thus, "[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Oyler v. Boles,* 368 U.S. 448, 456, 7 L. Ed. 2d 446, 82 S. Ct. 401 (1962). In the context of enforcement of criminal statutes, this court has stated:

The administration by state officers of a state statute which is fair on its face but which results in an unequal application of the law to citizens is not a denial of equal protection unless there is shown to be present an element of intentional or purposeful discrimination. A discriminatory purpose must be shown clearly by one claiming discrimination since such a purpose cannot be presumed. *Snowden v. Hughes,* 321 U.S. 1, 88 L. Ed. 497, 64 S. Ct. 397 (1944). *See also Yick Wo v. Hopkins, supra.*

*State v. Nixon,* 10 Wn. App. 355, 358, 517 P.2d 212 (1973). *See also Spokane v. Hjort,* 18 Wn. App. 606, 608, 569 P.2d 1230 (1977) (wherein the court noted, "Mere selectivity in prosecution creates no constitutional problems; defendant must show deliberate or purposeful discrimination based on an unjustifiable standard such as race, religion, or other arbitrary classification.").

The same rationale applies in the context of enforcement of zoning ordinances, as noted by the court in *People v. Goodman,* 31 N.Y.2d 262, 268, 290 N.E.2d 139, 143, 338 N.Y.S.2d 97 (1972), involving the violation of an ordinance limiting the size of commercial signs:

[O]ne who alleges discriminatory enforcement must meet the "heavy burden" of showing "conscious, intentional discrimination" . . . or a consciously practiced pattern of discrimination . . . The conscious exercise of some selectivity in enforcement of the law is not in itself a constitutional violation.

(Citations omitted.) *See also McDonough v. Apton,* 48 App. Div. 2d 195, 368 N.Y.S.2d 603 (1975); 4 R. Anderson, *American Law of Zoning* § 29.06 (2d ed. 1977).

In the instant situation, Kutzer argues the trial court denied him equal protection of the laws by enjoining operation of Bob's Hall while ignoring similar activities at the Burlington Community Hall. The record reflects nothing which could be construed to imply a deliberate discriminatory purpose on the part of the City of Burlington. As the above authority makes clear, mere selective enforcement of a zoning ordinance does not establish an equal protection violation; thus, the argument must fail.

Kutzer also argues, however, that the trial court denied him the opportunity to introduce testimony supporting his equal protection claim.[3] If the excluded testimony had been intended to demonstrate purposeful discrimination in a selective enforcement of the Burlington zoning ordinances, its exclusion might prove reversible error. A perusal of the record negates that possibility.

An offer of proof made at the time the trial court sustained the City's objection illustrates that the evidence to be adduced went to the similarity of complaints arising from operation of the Burlington Community Hall as compared to those resulting from the operation of Bob's Hall. Nothing in the offer of proof implies the existence of evidence of any deliberate discriminatory purpose, nor does Kutzer claim the existence of any such purpose on appeal.

---

[3]In Kutzer's brief, this assignment of error defines the evidence excluded to be in support of the position "that Bob's Hall is a community club house." It is clear from the record, however, that the evidence proffered spoke solely to the Burlington Community Hall and would thus be relevant only to the question of equal protection.

A discriminatory purpose cannot be presumed. *State v. Nixon, supra* at 358; *State v. King,* 9 Wn. App. 389, 392, 512 P.2d 771 (1973). Thus, this argument, too, must fail.

Finally, Kutzer argues the trial court erred in abating the operation of bingo games, as such, in and of themselves, are a legal enterprise and not a nuisance. Kutzer argues steps less drastic than abatement could be taken to correct complained of situations such as parking, litter, and noise. Kutzer relies on cases involving businesses and adjudged on the basis of economic and business necessities. *See, e.g., Mathewson v. Primeau,* 64 Wn.2d 929, 395 P.2d 183 (1964) (involving a hog farm and junkyard); *Chambers v. Mount Vernon,* 11 Wn. App. 357, 522 P.2d 1184 (1974) (involving a quarry). In view of the finding that Kutzer's operation violates an applicable zoning ordinance, the fact that that ordinance is intended to establish and preserve a residential neighborhood, and the fact that Kutzer assigns no error to findings and conclusions holding the operation to be a public nuisance, the argument is without merit.

The judgment is affirmed.

CALLOW, C.J., and WILLIAMS, J., concur.

Reconsideration denied August 16, 1979.

Review denied by Supreme Court November 9, 1979.