[No. 3573-5-III. Division Three. June 23, 1981.]

BARBARA J. MILLER, ET AL, *Appellants,* v. GERALD SYBOUTS, ET AL, *Respondents.*

*Charles H. Barr,* for appellant Miller.

*Peter P. Moore* and *Cowan, Walker, Jonson & Moore,* for appellant Hanson.

*Ted Roy* and *Hovis, Cockrill & Roy,* for respondents.

Roe, A.C.J.—Wendy Lynn Hanson was born on August 20, 1966, 191 days after Barbara Hanson (Miller) and Bert Hanson were divorced. Thus, Wendy is the presumed legitimate daughter of Barbara and Bert, even though they were not married at the time of her birth.[1] In an affidavit sub-

---

[1] RCW 26.26.040:

mitted in this action to declare Gerald Sybouts Wendy's natural father, Bert alleged (1) he and Barbara had separated in August of 1965, 1 year before the child was born, (2) they did not have sexual intercourse after that time, and (3) he had had a vasectomy in 1961. Therefore, he claimed he was not Wendy's natural father,[2] although no court has found this to be a fact.

In April 1973, Mrs. Miller and Wendy commenced an action both to rebut the presumption of Bert's paternity and to declare Sybouts Wendy's father. Trial began on March 20, 1974, but was stopped after 5 days, at the end of the plaintiff's case in chief. Sybouts then moved to dismiss the case, while Mrs. Miller moved to reopen it. The court granted her motion, but required her to submit the names of any additional witnesses and the substance of their testimony 30 days prior to reopening. Mrs. Miller did not comply, possibly expecting a court date first to be set. On August 10, 1977, over 3 years later, the clerk of the court moved to dismiss the case for want of prosecution pursuant to CR 41(a). This motion was granted and on September 15, 1977, the case was dismissed without prejudice.

Seventeen months later, in February 1979, Mrs. Miller

---

"Presumption of paternity. A man is presumed to be the natural father of a child if:

"(1) He and the child's natural mother are or have been married to each other and the child is born during the marriage, or within three hundred days after the marriage is terminated by death, annulment, declaration of invalidity, divorce, or dissolution, or after a decree of separation is entered by a court;"

[2]In its memorandum opinion, the trial court found Bert Hanson had been named, but not served. In his affidavit, Hanson, who was then a resident of Oregon, acknowledged receipt of a copy of the summons and complaint, and stated: "I do not desire any opportunity to be heard in this matter as a party despite the opportunity possibly provided me by Washington law." RCW 26.26-.090 requires each man presumed to be the father to be made a party or, if not subject to the jurisdiction of the court, to be "given notice of the action in a manner prescribed by the court and an opportunity to be heard." Whether this was sufficient notice under the statute is not an issue in this case.

and Wendy, by a guardian ad litem,[3] began another action to declare Sybouts Wendy's father and to press upon him a support obligation. Wendy at this time was 13 years old. Sybouts moved for summary judgment to dismiss this second action, arguing it was not timely brought. At the hearing on the motion, Mrs. Miller alluded to Bert's affidavit.[4] The court granted Sybouts' motion, dismissing the action on the ground it was not brought within a reasonable time. Mrs. Miller and Wendy appeal. We affirm.

The Uniform Parentage Act, RCW 26.26, was adopted in 1975 to "make uniform the law with respect to [its] subject . . . among states enacting it." RCW 26.26.900. The act was drafted to equalize the rights of legitimate and illegitimate children and to establish procedures to determine the persons with and against whom those rights may be asserted. Comment, *Washington's Parentage Act: A Step Forward for Children's Rights,* 12 Gonz. L. Rev. 455, 456 (1977); *see State v. Douty,* 92 Wn.2d 930, 934, 603 P.2d 373 (1979). The act repealed the filiation proceedings statute, RCW 26.24, and increased the methods of determining paternity and support. *State v. Douty, supra* at 934; *see State v. Russell,* 68 Wn.2d 748, 415 P.2d 503 (1966). The act creates presumptions of paternity, RCW 26.26.040, and also states statutory methods by which the child, the mother, the presumed father, the natural father, and other interested parties, including the State, may establish paternity. RCW 26.26.060.

■ This case, however, is not one of merely declaring Sybouts the father of Wendy Lynn Hanson. First, Wendy must be declared an illegitimate child—*i.e.,* the presumption that Bert Hanson, her mother's ex–husband, is her

---

[3]This action was brought in the name of Barbara Miller and Wendy Lynn Hanson. Thus, there is no issue in this case whether Wendy was properly before the court. *See Hayward v. Hansen,* 29 Wn. App. 400, 628 P.2d 1326 (1981). It should be noted that an independent attorney was appointed guardian ad litem to represent Wendy in these proceedings, pursuant to RCW 26.26.090.

[4]See footnote 2.

father must be rebutted. This procedure is authorized by RCW 26.26.060(1)(b):

> (1) A child, his natural mother, or a man presumed to be his father under RCW 26.26.040 may bring an action
>
> . . .
>
> (b) for the purpose of *declaring the nonexistence* of the father and child relationship presumed under RCW 26.26.040(1), (2), (3) or (4) *only if the action is brought within a reasonable time after* obtaining knowledge of relevant facts. After the presumption has been rebutted, paternity of the child by another man may be determined in the same action, if he has been made a party.

(Italics ours.) By the statutory terms, this action may be brought only within a reasonable time. This section thus protects a child, who has a legitimate, albeit presumed, father, from the possibility of being declared illegitimate without regard to time. It also protects a putative father's rights to have questions of paternity timely settled.

██ Mrs. Miller now turns to subsection (2), arguing it applies here and that she and Wendy, as interested parties, may bring an action at any time to establish Bert's nonpaternity and Sybouts' paternity and duty to support Wendy. RCW 26.26.060(2) provides:

> (2) Any interested party or the department of social and health services or the state of Washington may bring an action at any time for the purpose of determining the existence or nonexistence of the father and child relationship.

We disagree. In interpreting the statute we must attempt to construe it so that none of its provisions are void, superfluous or insignificant. *Hayes v. Yount,* 87 Wn.2d 280, 290, 552 P.2d 1038 (1976). It is our duty to ensure the purpose of the legislation prevails. *Department of Revenue v. Hoppe,* 82 Wn.2d 549, 552, 512 P.2d 1094 (1973). Under subsection (2), other parties, including the State, or perhaps grandparents, may bring an action to determine paternity whenever they choose. However, to include children, mothers or presumed fathers in subsection (2) would make subsection (1) superfluous. Thus, in order to give

effect to both provisions, we hold subsection (2) applies to interested parties other than those enumerated in subsection (1).

Thus, Mrs. Miller and Wendy were required to bring the action to establish Sybouts' paternity within a reasonable time. Reasonableness is dependent upon the facts and circumstances of each case. *McFadden v. Allen–Nelson Mill Co.,* 150 Wash. 249, 256–58, 272 P. 714 (1928). The trial court found 13 years after birth was not a reasonable time. This was also more than 3 years after the statute was adopted. We agree and will not substitute our judgment for that of the trial court where there is justification or support for its decision. *Safeco Ins. Co. v. Dairyland Mut. Ins. Co.,* 74 Wn.2d 669, 446 P.2d 568 (1968); *Burlington v. Kutzer,* 23 Wn. App. 677, 597 P.2d 1387, *review denied,* 92 Wn.2d 1036 (1979).

Other arguments made by Mrs. Miller were raised for the first time in the reply brief. For that reason we will not consider them. RAP 10.3(c); *Johnson v. Phoenix Assurance Co.,* 70 Wn.2d 726, 729, 425 P.2d 1 (1967); *Fosbre v. State,* 70 Wn.2d 578, 583, 424 P.2d 901 (1967).

We are sympathetic to Mrs. Miller's attempts to establish Wendy's paternity. However, we believe there should be limitations on such actions, especially in a case such as this, where there have been two actions brought and dismissed over a 6–year period and the child is 13. Thus, we hold, in a situation where there is a presumed father, an action by the mother, the child or the presumed father to rebut the presumption and establish paternity in another must be brought within a reasonable time after knowledge of the relevant facts is established.[5]

---

[5]Since this action was brought by neither the Attorney General nor the prosecuting attorney, we do not discuss the effect, if any, of RCW 74.20.310.

The judgment of the trial court is affirmed.

GREEN and MUNSON, JJ., concur.

Reconsideration denied July 27, 1981.

Review granted by Supreme Court October 16, 1981.