[No. 48003-6.   En Banc.   June 3, 1982.]

Barbara J. Miller, et al, *Petitioners*, v. Gerald Sybouts, et al, *Respondents*.

*Charles H. Barr,* for petitioners.

*Reed Pell* (of *Hovis, Cockrill & Roy*), for respondents.

STAFFORD, J.—The sole issue herein is whether petitioner's suit to establish the paternity of her child was properly dismissed for having failed to bring it within a reasonable time.

Petitioner Barbara Miller and Bert Hanson were married prior to 1961. They separated in August of 1965 and divorce was sought in October of 1965. A decree of divorce was entered on February 11, 1966. One hundred and ninety days after the decree was entered, Miller gave birth to Wendy Hanson. Hanson is presumed to be the father. *See* RCW 26.26.040(1); *cf. Richards v. Richards,* 5 Wn. App. 609, 489 P.2d 928 (1971) (child born during pendency of divorce is presumed to be legitimate).

In April 1973 petitioner Miller brought an action under RCW 26.24 (the then existing filiation statute) to establish that respondent Gerald Sybouts, and not Bert Hanson, is Wendy's father. Trial began in March 1974. At the close of Miller's case in chief 5 days later, Sybouts moved to dismiss the case and the court took the motion under advisement. The court granted Miller's motion to reopen on condition that she submit the names of any new witnesses and the subject of their testimony at least 30 days before reopening.

In September of 1977, the action was dismissed without prejudice for failure to prosecute, under CR 41(b)(2). Miller explains she did not contact the court because she was awaiting notice of a trial date before submitting the required information.

In February 1979, Miller brought this action against Sybouts under RCW 26.26 (the Uniform Parentage Act). Once again she sought to establish Sybouts as the father of Wendy. Wendy was 13 years old at the time.

Sybouts moved for summary judgment claiming petitioners had not commenced the action within a "reasonable time" as required by RCW 26.26.060(1)(b). The trial court granted Sybouts' motion for summary judgment and, on appeal, the Court of Appeals affirmed. 29 Wn. App. 663, 630 P.2d 477 (1981).

The Uniform Parentage Act was enacted in 1976 with the primary goal of equalizing the rights of all children, regardless of the marital status of the parents. RCW 26.26.020. *See also Washington Parentage Act: A Step Forward for Children's Rights,* 12 Gonz. L. Rev. 455 (1977). At that time, the filiation statute was repealed. *See,* Laws of 1975, 2d Ex. Sess., ch. 42, § 41.

RCW 26.26.040 lists five presumptions of paternity to aid in establishing the identity of the father. The first provides that: "A man is presumed to be the natural father of a child if: (1) He and the child's natural mother are or have been married to each other and the child is born during the marriage, *or within three hundred days after the marriage is terminated by . . . divorce, or dissolution".* (Italics ours.) RCW 26.26.040(1).

Thus, prior to establishing the paternity of Sybouts, Miller must first disestablish the presumptive paternity of Hanson. RCW 26.26.060(1)(b) provides in pertinent part:

> After the presumption has been rebutted, paternity of the child by another man may be determined in the same action, if he has been made a party.

Such action must be brought within *a reasonable time.* RCW 26.26.060(1)(b) reads in pertinent part:

(1) A child, his natural mother, or a man presumed to be his father under RCW 26.26.040 may bring an action

. . .

(b) for the purpose of declaring *the nonexistence* of the father and child relationship presumed under RCW 26.26.040 (1), (2), (3) or (4) *only if the action is brought within a reasonable time* after obtaining knowledge of relevant facts.

(Italics ours.)

Miller contends, however, that under RCW 26.26.060(2), an action to determine the nonexistence of the father and child relationship may be brought at any time. Subsection (2) reads:

*Any interested party* or the department of social and health services or the state of Washington *may bring an action at any time* for the purpose of determining the existence or nonexistence of the father and child relationship.

(Italics ours.) The distinction between RCW 26.26.060(1)(b) and (2) is the time limit imposed on a child, mother, or presumed father as opposed to that imposed on "any interested party" for bringing an action. Subsection (1) requires a child, his or her natural mother, or a man presumed to be the father to bring an action declaring the nonexistence of a father and child relationship within a reasonable time. Subsection (2), on the other hand, permits "any interested party" to bring an action declaring the existence or nonexistence of the relationship at any time.

■■ Under the rules of statutory construction, a specific provision controls over one that is general in nature. *State ex rel. Adjustment Dep't of Olympia Credit Bur., Inc. v. Ayer,* 9 Wn.2d 188, 194, 114 P.2d 168 (1941); *Williams v. Pierce Cy.,* 13 Wn. App. 755, 758, 537 P.2d 856 (1975). Thus, we find that subsection (1) is controlling in an action to disestablish paternity. To hold otherwise would render subsection (1) superfluous and thus contrary to the purpose of the legislation. *See Hayes v. Yount,* 87 Wn.2d 280, 290, 552 P.2d 1038 (1976); *Snow's Mobile Homes, Inc. v. Morgan,* 80 Wn.2d 283, 288, 494 P.2d 216 (1972). Conse-

quently, while Miller could bring an action to establish Sybouts' paternity at any time, under subsection (2) she was first required to bring this action disestablishing Hanson's paternity within a reasonable time.

A determination of what constitutes a reasonable time depends upon the facts and circumstances of each case. *McFadden v. Allen–Nelson Mill Co.*, 150 Wash. 249, 256–58, 272 P. 714 (1928). In this case, the trial court found a reasonable time had elapsed because this suit was brought 13 years after Wendy's birth and 5 years after the first action had been instituted. Normally we will not substitute our judgment for that of the trial court when there is support for its decision. *Safeco Ins. Co. v. Dairyland Mut. Ins. Co.*, 74 Wn.2d 669, 446 P.2d 568 (1968); *Burlington v. Kutzer*, 23 Wn. App. 677, 597 P.2d 1387 (1979). If 13 years had been the true measuring period we would be inclined to affirm the decision of the trial court. We believe, however, that in an action instituted under the Uniform Parentage Act which granted new rights, remedies and defenses in the place of the filiation act, the trial court should have gauged "reasonableness" by considering the period between the time the Uniform Parentage Act was enacted and the date the action was brought, a period of approximately three years. It should not have considered the period between the time of Wendy's birth and the date the action was commenced. By so doing the trial court considered a newly created statute of limitations giving it retroactive effect without a legislative indication that the statute should be so applied. RCW 26.26.902.

As to Wendy, the trial court must consider not only whether it was reasonable to institute a suit within three years, but whether she was a party plaintiff in the second action, or had notice of it or the subsequent pleadings in the trial court. RCW 26.26.090 provides that a minor child shall be represented by his or her general guardian or a guardian ad litem appointed by the court. But, "[t]he child's mother or father *may not represent the child as guardian or otherwise*." (Italics ours.) *See also State v.*

*Douty,* 92 Wn.2d 930, 603 P.2d 373 (1979). The record indicates that Miller brought suit on behalf of herself and Wendy and that a guardian ad litem was appointed to represent Wendy. Yet, it appears that despite the wording of Miller's complaint, Wendy was not properly made a party plaintiff in this suit. Her mother, and not her general guardian or guardian ad litem, brought suit on her behalf. Further, there is nothing in the record to indicate Wendy's guardian ad litem was served with the initial pleadings or ever received notice of any of the subsequent proceedings or pleadings filed in this lawsuit. The report of proceedings and scant clerk's papers show only the presence of lawyers representing Miller and Sybouts. Thus, insofar as this record is concerned, Wendy does not appear to have been before the court. Under California's version of the Uniform Parentage Act, a child is deemed an indispensable party in the absence of which the trial court lacks jurisdiction to enter a judgment. *See Perez v. Department of Health,* 71 Cal. App. 3d 923, 138 Cal. Rptr. 32 (1977). *See also State v. Douty, supra.* Considering the important issues involved, this is only a rule of reason. We can only hold that, based on the report of proceedings and clerk's papers before us, there appears to be an absence of an indispensable party. This appears to bring into question the jurisdiction of the trial court to resolve the issues before it.

Because of the unsatisfactory state of the record before us the matter is remanded to the trial court to determine: (1) whether Miller's action was filed within a reasonable time; (2) whether Wendy, through her guardian ad litem, was properly joined as a party plaintiff thereby giving the court jurisdiction over the matter; (3) if she was in fact properly joined as an indispensable party, whether her guardian ad litem was ever given actual notice of all proceedings in superior court; and (4) if the guardian ad litem was notified, why there was no appearance in trial court to

protect the child's interest against an adverse dismissal.

BRACHTENBACH, C.J., and ROSELLINI, UTTER, DOLLIVER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.