Honorable John Pennington State Representative 18th Legislative District P.O. Box 40600 Olympia, Washington 98504-0600
Dear Representative Pennington:
By letter previously acknowledged, you have requested our opinion on two questions which we paraphrase as follows:
 1. Under RCW 35A.12.030, is a candidate eligible to hold elective office if the candidate resided in the city for less than one year on the date a declaration of candidacy was filed, but will have resided in the city for one year on the election date?
 2. If Question 1 is answered in the negative, may the county auditor administratively remove a candidate from the ballot if the candidate files a declaration of candidacy and admits having resided in the city for a period of less than one year as of the filing date?
 BRIEF ANSWER
The answer to Question 1 is yes. Under RCW 35A.12.030, a candidate is eligible to hold elective office if the candidate has resided in the city for at least one year on the election date.
Since we have answered your first question in the affirmative, it is unnecessary to reach the second question.
 ANALYSIS
Your inquiry concerns the relationship between RCW 29.15.025(1) and RCW 35A.12.030. RCW 29.15.025(1) states:
 A person filing a declaration and affidavit of candidacy for an office shall, at the time of filing, possess the qualifications specified by law for persons who may be elected to the office.
The qualifications specified by law for candidates seeking office under the mayor-council form of city government are found in RCW35A.12.030. That statute states, in relevant part:
 No person shall be eligible to hold elective office under the mayor-council plan unless the person is a registered voter of the city at the time of filing his declaration of candidacy and has been a resident of the city for a period of at least one year next preceding his election.
RCW 35A.12.030. Your question is whether candidates must meet the residency requirement on the filing date or the election date. There are no Washington cases discussing the interaction of these statutes.
To the extent possible, "statutes should be read together to determine the legislative purpose and to achieve a total harmonious statutory scheme." Marquis v. Spokane, 130 Wn.2d 97,119, 922 P.2d 43 (1996). These statutes cannot be read together because they contain conflicting time schedules. Under RCW 29.15.025(1), the statutory requirements for election to office must be fulfilled at the time the declaration of candidacy is filed. In contrast, RCW 35A.12.030 states that to hold office, a person must have been a city resident for at least one year prior to the election date. It is impossible to read the statutes together in a manner which gives meaning to the deadline stated in each statute.
When two statutes are in conflict and cannot be read together, the more specific statute controls. Miller v. Sybouts, 97 Wn.2d 445,448, 645 P.2d 1082 (1982). RCW 29.15.025(1) is the more general of these two statutes. It provides that at the time of filing, the statutory requirements for election must be met. The statute refers the reader to other provisions of the law to determine the requirements for election. RCW 35A.12.030 sets forth the specific requirements which must be met by candidates seeking office under the mayor-council form of city government. Since RCW 35A.12.030 is more specific, its requirement that the one year durational residency requirement be met as of the date of election would prevail. This would be the result despite the fact that RCW35A.12.030 was enacted prior to RCW 29.15.025(1). Nast v. Michels,107 Wn.2d 300, 313, 730 P.2d 54 (1986).
Our interpretation of the statutes is consistent with the legislative history of RCW 29.15.025(1). Legislative intent may be determined, in part, by examining the legislative bill reports and the analysis they contain. State v. Reding, 119 Wn.2d 685, 690,835 P.2d 1019 (1992). In the Final Legislative Report for the bill enacting RCW 29.15.025(1), the Legislature explained:
 There is no requirement for local election officers to make sure that candidates for various offices reside in the jurisdictions where they wish to run. In a recent port district election, a commissioner candidate was elected, only to find that he was not a resident and therefore could not serve. Some method of proving the candidate's eligibility might reduce election costs.
Final Legislative Report, 5.2d. Leg. (1991) at 193 (ESSB 5156).
When the underlying statute establishing the qualifications is silent as to the time by which the requirements must be met, RCW 29.15.025(1) provides the deadline. However, when the underlying statute does state a time by which the requirements must be met, RCW 29.15.025(1) was not intended to alter that deadline. Nothing in the legislative history of RCW 29.15.029(1) suggests the Legislature intended to amend statutes which set forth a time by which qualifications for office must be met.
Since we have answered your first question in the affirmative, we do not address the issue raised in your second question.
We trust this opinion will be of assistance to you.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
ANNE E. EGELER Assistant Attorney General