[No. 2086–3. Division Three. October 11, 1977.]

THE CITY OF SPOKANE, *Respondent*, v. KATHERINE HJORT, *Appellant*.

*Virginia Worthington* and *Worthington & Worthington,* for appellant.

*Richard F. Wrenn, Corporation Counsel,* and *Carleton B. Waldrop, Assistant,* for respondent.

McINTURFF, J.—Katherine Hjort appeals a conviction for violation of the Spokane prostitution ordinance. Ms. Hjort's appointed counsel has filed a brief and motion to withdraw in accordance with *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). The sole issue raised is whether the trial court erred in denying defendant's motion to dismiss the charge against her because enforcement of the Spokane prostitution ordinance has been unconstitu-tionally discriminatory against women.

Before the case was presented to the jury, defense coun-sel moved to dismiss and presented testimony that the City of Spokane routinely discriminates between men and women arrested and charged under the prostitution ordi-nance in that men are regularly allowed to forfeit a bond of $45 while women similarly charged are jailed or fined. The parties stipulated that a bond forfeiture of less than $50 does not appear in the local newspapers.

The City presented testimony by Judge Philip Thomp-son that there was no pattern of discrimination in the han-dling of prostitution cases by the Spokane Municipal Court. A Spokane police detective testified that in 1975 and 1976

the majority of persons arrested for violation of the prostitution ordinance were men. The detective further testified that the criteria for determining whether to book a person into jail rather than to merely issue a citation thereby allowing them to forfeit bond are: (1) whether the person has proper identification; (2) whether the person has ties to the community; and (3) whether the person has a record of prior offenses. He stated that he has booked males into jail, and issued citations to females.

The trial judge found on the basis of this testimony that defendant failed to show unequal enforcement of the ordinance in question, and denied the motion to dismiss.

■ Equal protection of the laws is denied when state officials enforce the law with an "unequal hand or evil eye." *Yick Wo v. Hopkins,* 118 U.S. 356, 30 L. Ed. 220, 6 S. Ct. 1064 (1886). Mere selectivity in prosecution creates no constitutional problems; defendant must show deliberate or purposeful discrimination based on an unjustifiable standard such as race, religion, or other arbitrary classification. *United States v. Steele,* 461 F.2d 1148 (9th Cir. 1972); *Yakima v. Johnson,* 16 Wn. App. 143, 553 P.2d 1104 (1976). In *Johnson,* defendant contended the Yakima police engaged in discriminatory and selective enforcement of the prostitution ordinance. Defendant in that case claimed that since virtually no men had been arrested, and only male police officers were assigned to enforce the ordinance, discriminatory enforcement violating the defendant's rights to equal protection must be inferred. Based on the record in that case, the court found that there was no intentional or purposeful policy of discrimination against females.

Likewise, the record here does not reveal intentional, purposeful, or systematic discrimination against women by the Spokane Police Department or the Spokane Municipal Court. The record shows more men than women were arrested in 1975 and 1976 for violation of the prostitution ordinance. Furthermore, the record indicates the determination of whether to book a person or merely issue a citation thereby allowing forfeiture of the $45 bond is based on

criteria uniformly applied to men and women, *i.e.*, possession of valid identification, ties to community, and prior record.[1] There is no basis in this record for finding that the Spokane prostitution ordinance has been enforced with an unequal hand or evil eye against females. Defendant's assertions of unconstitutionally discriminatory enforcement are without merit.

In addition, we have searched the record for errors in accordance with the requirements of *Anders v. California, supra,* and found none. Accordingly, the judgment of the Superior Court is affirmed, and defense counsel's motion to withdraw is granted.

MUNSON, C.J., and GREEN, J., concur.

---

[1]*Cf.* JCrR 2.09(b) which provides:

"In determining which conditions of release will reasonably assure the defendant's appearance, the court shall, on the available information, consider the relevant facts including: the length and character of the defendant's residence in the community; his employment status and history and financial condition; his family ties and relationships; his reputation, character and mental condition; his history of response to legal process, his prior criminal record; the willingness of responsible members of the community to vouch for the defendant's reliability and assist him in appearing in court; the nature of the charge; and any other factors indicating the defendant's ties to the community."