[No. 8175–6–I. Division One. June 1, 1981.]

SEATTLE–FIRST NATIONAL BANK, *Respondent,* v.
WILLIAM N. SNELL, ET AL, *Defendants,*
DAVID B. WHATMORE, *Appellant.*

*Jeffrey Needle,* for appellant.

*Davis, Wright, Todd, Riese & Jones* and *Duncan A. Bayne,* for respondent.

CALLOW, J.—David Whatmore appeals from a superior court judgment permitting the construction of a bank with drive–in banking facilities near his home. The sole issue

before us is whether drive–in banking facilities are authorized by the Seattle zoning code at this particular site. We hold that they are not permitted.

Seattle–First National Bank (SeaFirst) proposed in 1974 to construct a new banking facility on Roosevelt Way N.E. in Seattle. The bank as proposed would have 10,000 square feet of indoor commercial space and would include an attached drive–up window and three islands of machines where customers could transact business while remaining in their vehicles. Customers using the drive–in facility would communicate with employees inside the bank using microphones and pneumatic tubes.

The property on which the bank would be built is zoned community business (BC) under Seattle Municipal Code, ch. 24.44. Under Seattle's zoning scheme, zones are organized in an ascending order of intensity. The zones relevant to this appeal are listed in order of increasing intensity:

| Zone | Municipal Code Chapter | General Purpose | Bank Uses Permitted |
|------|------|------|------|
| BN | 24.40 | To provide small areas in local neighborhoods for neighborhood retail stores near the homes which they serve. | Banks not permitted. |
| BI | 24.42 | To provide for intermediate sized shopping areas serving abutting neighborhoods. | Banks permitted outright as principal use. |
| BC | 24.44 | To provide larger business centers serving the needs of several neighborhoods or the community district. | Banks permitted outright as principal use. |
| BM | 24.46 | To protect the retail core of the central business district. | Banks permitted outright as |

| | | | principal use. |
|---|---|---|---|
| CM | 24.48 | To provide for a wide variety of nonretail commercial and business uses functionally related to the core of the business district. | Banks permitted outright as principal use. Drive-in banks permitted as a conditional use. |

The parties agree that Seattle's zoning laws are cumulative, such that uses permitted in less intense zones are automatically permitted in more intense zones unless specifically precluded. Banks, first permitted as a principal use in the BI zone, are therefore permitted in the BC zone although not specifically authorized in that zone.

The Seattle superintendent of buildings published a notice of intent to issue a use permit for the proposed bank, reasoning that the drive–in portion of the facility is a permitted accessory use. Seattle Municipal Code 24.42.050 permits as accessory uses "drive–in business activity" and uses "customarily incidental to a principal use permitted outright in this chapter." David Whatmore, who resides less than 100 feet from the proposed bank, appealed that decision to the Seattle hearing examiner. Whatmore contended that, since "drive–in banks" are first authorized as a conditional use in the CM zone, they are precluded in all less intensive business zones. After a public hearing, the hearing examiner reversed the superintendent, and made the following conclusions:

1. The basic issue to be resolved is whether or not a drive–in bank is permitted outright as an accessory use to a bank in a BC zone. On its face the Superintendent's interpretation appears to be reasonable in that the term "drive–in business" is broad in scope and would appear to encompass the term "drive–in bank." However, a "drive–in bank" is a specific use that is permitted only in the more intensive CM zone, which clearly makes the

Superintendent's interpretation inconsistent with the general organization and purpose of the Zoning Ordinance.

2. The Zoning Ordinance is organized, as shown in finding of fact numbers 4 and 5, so that uses permitted in more intensive zones are not permitted as uses in less intensive zones. Section 15.7 [Seattle Municipal Code 24.44.160] prohibits any use which is permitted only in a more intensive zone. The term "use" does not distinguish between principal or accessory uses. Since a drive–in bank is first permitted as a conditional use in the more intensive CM zone, such a use, either accessory or principal, is prohibited in the BC zone by Section 15.7.

3. As shown in finding of fact number 6, the Zoning Ordinance contains clear and specific restrictions on accessory uses. Section 15.52(b) [Seattle Municipal Code 24.44.110B] provides that the only situation in which a more intensive use will be permitted as an accessory use in the BC zone is when it is permitted outright in the next most intensive zone and even then the use requires conditional use approval. Assuming for a moment that a drive–in bank is permitted outright in the BM zone, then under Section 15.52(b) conditional use approval would be required for its location in the BC zone. Under the Superintendent's interpretation, the appellant would be in a stronger position if a drive–in bank were permitted outright in a zone less intense than the BM zone since at least a conditional use would be required. It is entirely inconsistent with Section 15.52(b) and the general organization and purpose of the Zoning Ordinance for the Superintendent to permit as an accessory use in the BC zone, a use which is first permitted, and then only as a conditional use, in the CM zone, which is two zones more intensive than the BC zone.

SeaFirst appealed that decision to Superior Court, which held that the hearing examiner erred in determining that the addition of drive–in banking activity transferred the character of the facility into a "drive–in bank." The court held that the proposed facility was a traditional pedestrian or walk–in bank, and that drive–in banking is permitted in the BI, BC and BM zones as an accessory use.

The issue central to this appeal is what constitutes a "drive–in bank." If the facility proposed by SeaFirst meets

the definition, then it is precluded from the BC zone by virtue of Seattle Municipal Code 24.44.160A, which prohibits: "Any use other than a permitted BC use which is permitted only in a more intensive zone". Since "drive–in banks" are specifically authorized in the CM zone, they are precluded from less intensive zones even though "drive–in business activity" is generally permitted in those zones. Where there is a conflict between an ordinance which treats a subject generally and another which treats the subject in a specific manner, the specific ordinance will prevail. *Pannell v. Thompson,* 91 Wn.2d 591, 589 P.2d 1235 (1979).

Whatmore contends that a "drive–in bank" would be any bank which allows its patrons to be served while remaining in their vehicles, irrespective of whether the facility could also accommodate pedestrian customers. SeaFirst argues that a "drive–in bank" should be defined as a freestanding, unattached facility on a separate lot devoted solely or primarily to serving customers seated in their cars, and that a drive–up banking facility as part of a larger walk–in banking operation would be a permitted accessory use customarily incidental to the principal use of banking.

■■■ The facts being undisputed, our function is to make a de novo review of the record and determine if the hearing examiner made an error of law. *Devine v. Department of Employment Security,* 26 Wn. App. 778, 614 P.2d 231 (1980). Where an ordinance is ambiguous, the interpretation placed upon it by the officer charged with its administration is entitled to considerable weight in determining the legislative intention. *Hart v. Peoples Nat'l Bank,* 91 Wn.2d 197, 588 P.2d 204 (1978). Whatmore and SeaFirst dispute whether it is the interpretation of the superintendent of buildings or of the hearing examiner which should be accorded considerable weight. Although the superintendent is charged with assuring that building plans conform to the zoning laws, Seattle Municipal Code 24.10.020B, his decisions are appealable to the hearing examiner, whose decisions are final. Seattle Municipal Code 24.10.080. It is therefore the interpretation of the hearing examiner which

is accorded considerable weight.

 Absent evidence of a contrary legislative intent, words used in an ordinance but not defined are construed according to their usual and ordinary meaning. *Department of Fisheries v. Chelan County PUD 1,* 91 Wn.2d 378, 588 P.2d 1146 (1979). Resort to dictionary definitions is commonplace. *Department of Fisheries v. Chelan County PUD 1, supra; Yakima v. Johnson,* 16 Wn. App. 143, 553 P.2d 1104 (1976). *Webster's Third New International Dictionary* 692 (3d ed. 1969) defines "drive–in" as "[a] place of business (as a motion–picture theater, bank, or refreshment stand) laid out and equipped so as to allow its patrons to be served or accommodated while remaining in their automobiles." The definition makes no distinction between the relative amount of business handled by the drive–in and pedestrian portions of the facility. The dictionary definition also comports with Seattle's definition of a "drive–in business." Seattle Municipal Code 24.08.050(5) provides:

> "Drive–in business" means a business where a customer is permitted or encouraged, either by the design of physical facilities or by service and/or packaging procedures, to carry on business, in the off–street parking area accessory to the business, while seated in a motor vehicle.

This definition is consistent with the general usage of the term "drive–in" to connote a place of business where service is *available* to customers while they remain seated in their automobiles. The relative percentages of the total volume of the business conducted on the premises that is attributable to business done by customers who enter the establishment and those who remain in their vehicles to complete their transactions is not material. *Compare Burger King of St. Louis, Inc. v. Weisz,* 444 S.W.2d 517 (Mo. App. 1969) *with Vitolo v. Chave,* 63 Misc. 2d 971, 314 N.Y.S.2d 51 (1970) *and Ederer v. Board of Zoning Appeals,* 18 Ohio Misc. 143, 248 N.E.2d 234 (1969).

The City's general definition of a drive–in business plainly is not limited to businesses devoted solely or primarily to serving customers seated in their vehicles. We

perceive no intent on the part of the city council to provide a contrary definition for a drive–in bank.

We hold that a bank which provides facilities to serve customers who remain in their vehicle is a "drive–in bank," regardless of whether the bank also accommodates pedestrian or walk–in customers.

The judgment of the Superior Court is reversed and the decision of the Seattle hearing examiner is reinstated.

SWANSON, J., concurs.
ANDERSEN, J., concurs in the result.

Reconsideration denied July 29, 1981.