254 N.W.2d 446 (1977)
C. L. W., a minor, by her guardian ad litem, Stanley M. Waagen, as Director of the Stutsman County Social Service Board, Plaintiff,
v.
M. J., Personal Representative of the Estate of A. S., also known as A. F. S., Deceased, Defendant.
Civ. No. 9306.
Supreme Court of North Dakota.
June 2, 1977.
As Amended June 8, June 13 and July 26, 1977.
*448 James R. Jungroth of Mackenzie and Jungroth, Jamestown, for plaintiff.
David E. Nething, Jamestown, for defendant.
VOGEL, Justice.

FACTS
The certified question presented is whether under former law (Ch. 32-36, N.D. C.C.) an illegitimate child can bring an action against the estate of her father to determine that she is an heir and entitled to inherit, even though more than two years have passed since her birth and the two-year statute of limitations for actions to determine paternity has run. The trial court held that she could bring such an action, and we affirm.
The facts are stipulated, and the case reaches us on certified questions of law, as permitted by Chapter 32-24, N.D.C.C.
The parties stipulated that a jury would decide, if the defenses of limitations, laches and estoppel were not permitted, that the mother and the father of the child began living together in the fall of 1967 and continued to do so until the death of the father on March 2, 1976, that they never married, that the child was born on January 5, 1969, and was the natural child of both, and was orally recognized as such by the father repeatedly during his lifetime. No written admission of paternity was ever made by him and no judicial proceedings to determine paternity commenced during his lifetime. He had one other child, of a marriage which was terminated by divorce. The court held that the defenses of limitations, laches and estoppel did not apply and certified to this court two questions:
1. Does Section 32-36-09 of the N.D. C.C. which was in existence at the time of the birth of C. L. W., apply only to proceedings to enforce the obligation of the father to support children or does it also bar the determination of parentage for inheritance purposes after the two-year period in said statute has run?
2. Is the defense of laches or estoppel available on behalf of a decedent's estate in an action on behalf of an illegitimate minor child to determine paternity and her right to inherit part of said estate?

LAW
The parties assumed [and correctly, see State v. Unterseher, 255 N.W.2d 882 (N.D. 1977), and Sec. 1-02-10, N.D.C.C.] that the law as to rights of children born out of wedlock as of the time of the birth of child applied. That law was Chapter 32-36, N.D. C.C., relating to illegitimacy (replaced in 1975 by the Uniform Parentage Act, Chapter 14-17, N.D.C.C.), and Section 56-01-05, N.D.C.C., relating to inheritance by children born out of wedlock.
Chapter 32-36, N.D.C.C., provided generally for determination of paternity, either by written admission of paternity or by judicial determination, and provided for support of children born out of wedlock. The time for bringing such actions was specified in Section 32-36-09 as follows:
"Proceedings to enforce the obligation of the father of a child born out of wedlock shall be subject to the following limitations:
1. May be instituted during the pregnancy of the mother or after the birth of the child;
2. Shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been judicially established, or has been acknowledged by the father in writing."
While the personal representative of the father's estate asserts vigorously that this statute bars after two years actions by the child to determine rights of inheritance as well as the mother to determine paternity *449 after two years from the date of birth, we cannot agree.
In the first place, the persons who may bring the action to determine paternity are specified in Section 32-36-08, N.D.C.C. They are, first, the mother, second, if the child is likely to be a public charge, the authorities charged with its support, and third, "After the death of the mother or in case of her disability, by the child, acting through its guardian or next friend." It is therefore clear that the child had no right to bring the action to determine paternity at any time, since its mother is living and not subject to disability. Furthermore, Section 32-36-17, N.D.C.C., provides for the substitution of the child as "complainant" in case of the death, absence or insanity of the mother after the complaint is brought. We conclude, therefore, that the child had no right to bring the action during the life of the father, and, since the mother is still alive, has no right to bring an action to determine paternity now. Further, the mother is barred by the two-year statute of limitations from bringing the action. Fetch v. Buehner, 200 N.W.2d 258 (N.D.1972).
The conclusion that the child cannot bring an action to determine paternity or the right to support under Chapter 32-36, N.D.C.C., is not the end of the problem, however. We must now decide whether the mother's failure to obtain a determination of paternity during the father's lifetime precludes inheritance by the child after the father's death.
We note, at the outset, that there was little reason for her to bring an action. She and the child were being supported by the father who readily admitted that he was the father. There appeared to be no need to obtain a determination of paternity in order to compel support, since support was being provided and paternity was (orally) admitted. While the mother might have tried to obtain an acknowledgement of paternity, or a wedding ceremony, or a will naming the child as heir, we are not willing, unless the law compels it, to punish the child for her failure to do so. The child, who was seven years old at the death of the father, cannot be charged with failure to take care of its own interests.
We have stated that the law as to the determination of paternity to be applied is that which existed at the time of the birth. State v. Unterseher, 255 N.W.2d 882 (N.D.1977). But the law as to inheritance is applied as it existed at the time of death. In re Nepogodin's Estate, 134 Cal. App.2d 161, 285 P.2d 672 (1955); Rauhut v. Short, 26 Conn.Supp. 55, 212 A.2d 827 (1965).
At the time of the death of the father in the present case (March 2, 1976), the Uniform Probate Code (Ch. 30.1, N.D. C.C.) was in effect. It provides, in Section 30.1-04-09(2)(b) (2-109 of U.P.C.) that a relationship of parent and child may be established, if necessary to determine succession in case of intestacy, by clear and convincing proof after the death of the father. In the case before us the stipulated facts are ample to constitute clear and convincing proof. We find that the Uniform Probate Code permits a suit by a child born out of wedlock to bring an action after the father's death to determine rights of inheritance.
Even prior to the adoption of the Uniform Probate Code our law was neutral as between children born in and out of wedlock so far as inheritance was concerned. Our decision in In re Jensen, 162 N.W.2d 861 (N.D.1968), held unconstitutional an earlier statute which restricted inheritance by those born out of wedlock from their fathers to instances where the father had admitted paternity in writing or had married the mother and acknowledged or adopted the child. The legislature thereupon passed Chapter 466, S.L.1969, codified as Section 56-01-05, N.D.C.C., which provided that all children born out of wedlock were legitimate, entitled to support and education the same as if born in wedlock, and inherit from their natural parents and other kindred.
Under the Uniform Probate Code there is no distinction made between the right of children born in and out of wedlock to inherit, except the one noted above, that *450 clear and convincing proof is required to establish the relationship of parent and child after the father is dead. Such a requirement is not an invidious distinction, based as it is upon indisputable facts, such as the relatively greater difficulty of proving fatherhood than motherhood, particularly after death of the father. See State v. Unterseher, supra; Trimble v. Gordon, ___ U.S. ___, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977).
Having established that the child could not have brought an action to establish paternity during her lifetime, and that she is entitled to inherit equally with children of her father born in wedlock and that the Uniform Probate Code permits a child to sue to determine rights of inheritance, we now arrive at the question of whether her right of inheritance was lost because of the inaction of her mother in failing to obtain a determination of paternity before the child was two years old (the statute of limitations for the determination of paternity under Sections 32-36-09, N.D.C.C., supra).
As we have indicated, it would be a harsh rule indeed that would make a child's right of inheritance from one parent dependent on action by another parent during nine months of gestation or the two years thereafter. As we said in In re Estate of Jensen, supra, ". . . as no action, conduct, or demeanor of the illegitimate children in the instant case is relevant to their status of illegitimacy, we conclude that the classification for purposes of inheritance contained in [former] Section 56-01-05, which is based on such a status and which results in illegitimate children being disinherited while their legitimate brothers and sisters inherit, is unreasonable." The same could be said here.
We hold, as the trial court did, that written admission of paternity or a judgment in an action to determine paternity is not a prerequisite to inheritance by a child born out of wedlock, and that such a child may bring a separate action to determine his right to inherit from his father after the father's death, subject to the requirement of Section 30.1-04-09(2)(b) (2-109 of U.P.C.) that proof be clear and convincing. Or he may obtain such a determination in the probate court.
To hold otherwise would raise serious questions of equal protection under both federal (See Trimble v. Gordon, supra) and state (See In re Estate of Jensen, supra) constitutions.
Having held that the child born out of wedlock has a right to bring an action after the father's death to determine her right to inherit and that such suit is not barred by the failure of the mother to bring an action to determine paternity, it follows that the child is not bound by the two-year statute of limitations in the chapter as to the mother's right to obtain a determination of paternity and support. The two are separate remedies for separate purposes. Even if the child had a right to bring such an action, the two-year statute would be tolled during her minority, just as similar statutes of limitation are tolled during minority in other contexts. Sec. 28-01-25, N.D.C.C.; Sprecher v. Magstadt, 213 N.W.2d 881 (N.D.1973).
With regard to certified question number two, relating to laches and estoppel, it appears that the personal representative asserts that the delay of the mother in bringing an action constituted laches which precludes the child from bringing a later action, and further asserts that he is not estopped from invoking the statute of limitations by any action on his part which induced her to delay bringing the action. These concerns no doubt arise from our opinion in Fetch v. Buehner, supra, which held that equitable principles, including estoppel, might serve to extend the statute of limitations, even though in that case the factual basis was insufficient to do so.
Since we hold that the action to determine paternity is separate and distinct from the action to determine the right to inherit, we need not decide here whether there are facts sufficient to invoke laches or estoppel as to the action to determine paternity. As to the action to determine the right to inheritance, the two-year statute of limitations does not apply, and the other *451 statutes of limitations, such as Section 28-01-16, N.D.C.C., are tolled by the infancy of the child. Sec. 28-01-25, N.D.C.C.
As we said in Strom v. Giske, 68 N.W.2d 838 (N.D.1955), the courts ordinarily apply by analogy the period of limitations fixed by statute to the plea of laches. And laches and estoppel are rarely invoked against minors. For all of these reasons we believe that laches or estoppel may not be invoked to affect the case before us.
We agree with the personal representative that the stipulated evidence does not show that he engaged in the sort of conduct described in Fetch v. Buehner, supra, which would tend to show that the father made statements or representations designed to lull mother or child into a false sense of security which resulted in failure to commence the action to determine paternity in time. But since we find that the two remedies are separate and distinct, the action to determine right to inheritance would not be barred in any case.

CONCLUSION
The answers to the certified questions are:
(1) Section 32-36-09, N.D.C.C., applied only to actions to determine paternity and support, and did not bar actions brought by a child during minority and after the expiration of two years from birth to determine rights of inheritance from a natural father who has not admitted paternity and has not been judicially determined to be the father of the child.
(2) Under the circumstances of this case as outlined in our opinion, neither laches nor estoppel will apply so as to bar a child born out of wedlock from inheriting from her natural father.
No costs shall be allowed to either party.
ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.