HARRY EISLER, JR., DIRECTOR SALEM COUNTY WELFARE AGENCY, PLAINTIFF, v. JOSEPH J. TOMS, DEFENDANT.

Juvenile and Domestic Relations Court
Salem County

June 5, 1978.

*Ms. Mary E. Sibley* for plaintiff.

*Mr. Wayland A. Lucas* for defendant.

NARROW, J. C. C. (retired and temporarily assigned on recall). The sole question to be determined on this motion is whether a bastardy proceeding brought pursuant to *N. J. S. A.* 9:16–1 is barred by the general six-year statute of limitations. Strangely enough, neither counsel nor the court has found any case in New Jersey precisely in point.

The moving papers and attached affidavits disclose that Leona Hogate, unmarried, gave birth to a child on July 3, 1965; that shortly thereafter she sought to establish the paternity of the present defendant through the local welfare director but that the complaint she made at that time was never brought on for a hearing. During the latter part of 1977, some 12 years after the birth of the child, a new complaint was filed by the Salem County Welfare Board against defendant, seeking to establish the paternity of defendant and support for this child.

Defendant moves to dismiss the complaint, contending that it is barred by the six-year statute of limitations, *N. J. S. A.* 2A:14–1. This statute fixes six years as the time within which an action must be commenced for a number of different types of actions, including an action "for any tortious injury to the rights of another not stated in sections [*N. J. S. A.*] 2A:14–2 and [*N. J. S. A.*] 2A:14–3 of this title," and it is admitted that these last two sections do not apply. Defendant further cites the case of *State of New Jersey (F) v. M.*, 96 *N. J. Super.* 335 (App. Div. 1967) as authority for the proposition that a bastardy proceeding is civil in nature and that the complaint charges him with the commission of a tortious injury to the rights of another, and that therefore it is included within the language of the statute and must be instituted within six years, after which it is barred.

However, I cannot agree with either premise. The cited case only decided that a bastardy proceeding is to be regarded as a civil proceeding insofar as it does not require

a unanimous verdict. It did not undertake to classify a bastardy proceeding as either civil or criminal, and in referring to an earlier case, stated:

The court concluded that "the denomination applied by our appellate Courts, in decisions on the point, appears uniformly to depend upon the nature of the question presented; that is, the proceedings are to be thought of as *quasi*-criminal for some purposes and *quasi*-civil for others." [at 341]

As that opinon also stated, "So, there is nothing to be gained by attempts at classification."

Neither can I agree that defendant is charged with the commission of a tortious injury. What is the tort? And upon whom was it committed?

 It appears that a bastardy proceeding cannot be designed as either civil or criminal, or tortious, contractual or quasi-contractual. It is obviously a special statutory proceeding designed to determine the paternity of an illegitimate child and to provide for the support of the child. To attempt to categorize it further would not serve any useful purpose and could only lead to confusion.

The annotations collected and appearing in 59 *A. L. R.* 685 *et seq.* deal extensively with the subject and seem to indicate that in most instances a paternity action is not barred by lapse of time except in those jurisdictions where a specific statute of limitations pertaining to such actions has been enacted. Thus, the rule and the reason for it are stated as follows:

In the absence of a specific statute limiting the time for prosecution of bastardy proceedings, it has been held in a number of cases that no Statute of Limitations is applicable to bar the proceedings. The primary rationale behind this position appears to be that if the State Legislature had intended to place a time limitation upon the bringing of such an action it would have specifically so provided, particularly in view of the fact that a paternity proceeding has as its primary purpose the support and education of the child, rather than the punishment of the father, and in view of the generally accepted rule that the obligation of the parents to support a child, legitimate or illegitimate, is a continuing obligation which terminates only when

the child becomes of age. The courts taking this position thus appear to be of the opinion that to apply to a paternity action a Statute of Limitations not specifically provided for by the legislature would be to permit the putative father to escape his continuing obligation to support the child. [at 709]

It is undisputed that New Jersey does not have a limitations statute specifically dealing with this subject.

■ I am satisfied that in New Jersey the obligation of a parent for support of his child, legitimate or illegitimate, is a continuing one which does not terminate until the child becomes of age, and that this has always been the law.

As long ago as 1851 the then Supreme Court, in considering a different matter pertaining to illegitimate children, declared:

This order of filiation and maintenance may, by the Statute of Elizabeth, be made at any time after the birth of the child, whenever it shall become chargeable to the township. No time is limited within which the order is to be made, so that it be made before the child is twenty-one years old, *King v. Mills*, 10 Mod. 271; 1 Burns' Just. 280, [*In re Murphy*, 23 N. J. L. 180, 190]

I am not unmindful of defendant's contention that the lapse of time may result in witnesses dying or disappearing, that witnesses' memories become faded and evidence may be lost by long delays.

Unquestionably, situations may develop where a defendant may be prejudiced by long delays.

On the one hand is the consideration of continuing support of the child during minority, and on the other the consideration of repose and security derived from an early disposition of disputed issues.

■ A great many jurisdictions have enacted legislation limiting the time for instituting such actions. See cases collected in 59 *A. L. R.* 5 d. starting at 698. New Jersey has not, and it would thus appear that it considers the obligation of continuing support as outweighing the consideration of repose.

The motion to dismiss the complaint is accordingly denied.