[No. 4465–3–III.   Division Three.   July 22, 1982.]

DELORES NETTLES, ET AL, *Respondents,* v. JAMES
BECKLEY, *Appellant.*

*Benton S. Clark, Jr.,* for appellant.
*Michael V. Hubbard,* for respondents.

GREEN, J.—James Beckley appeals the court's determination he is the natural father of Scott J. Nettles and the order requiring him to pay $10,000 back child support.

The issues presented revolve around whether the paternity action and some or all of the claims for back child support are barred by the statute of limitations or laches.

On June 25, 1966, Scott J. Nettles was born to Delores Nettles. In March 1979, nearly 13 years later, Delores filed a paternity action against Mr. Beckley. Based upon the statute of limitations and laches, he moved for summary judgment which was denied conditioned upon the amendment of the complaint to join the minor child, Scott, asserting his common law rights. Following a trial, during which Mr. Beckley did not testify, the court held him to be the biological father of Scott, ordered him to pay $10,000 child support for the period June 25, 1966, through February 28, 1981, and to pay $150 per month future support. Mr. Beckley appeals.

First, he contends the paternity action was barred by the statute of limitations. We disagree.

While RCW 26.24.160, in effect at the time of Scott's birth, provided that a statutory paternity action must be commenced within 2 years of the child's birth, that statute has been repealed and replaced by the Uniform Parentage Act, RCW 26.26.010 *et seq.* This act does not limit the time for commencing a paternity action,[1] nor does it revive a cause of action previously barred by RCW 26.24.160. *State v. Douty,* 92 Wn.2d 930, 935, 603 P.2d 373 (1979). Nevertheless, the statutory paternity procedure is not exclusive because an illegitimate child has a common law right to support from his or her parents, *Kaur v. Singh Chawla,* 11 Wn. App. 362, 364, 522 P.2d 1198, *review denied,* 84 Wn.2d 1011 (1974), and may bring an action on his or her own

---

[1]RCW 26.26.060(2) provides:

"Any interested party or the department of social and health services or the state of Washington may bring an action at any time for the purpose of determining the existence or nonexistence of the father and child relationship." *See also Miller v. Sybouts,* 97 Wn.2d 445, 448, 645 P.2d 1082 (1982).

behalf to establish paternity. *State v. Douty, supra* at 938. Thus, this paternity action could be brought by Scott regardless of an authorizing state statute.

■ Furthermore, RCW 4.16.190 provides:

> If a person entitled to bring an action . . . be at the time the cause of action accrued . . . under the age of eighteen years, . . . the time of such disability shall not be a part of the time limited for the commencement of action.

Although it appears this general statute has not been specifically applied to a paternity action, we find it applied here and operated to toll the statute of limitations during Scott's minority. Other jurisdictions have reached the same conclusion. *Perez v. Singh,* 21 Cal. App. 3d 870, 97 Cal. Rptr. 920 (1971); *Van Buskirk v. Todd,* 269 Cal. App. 2d 680, 75 Cal. Rptr. 280 (1969); *Stearns v. Kean,* 303 N.W.2d 408, 413 (Iowa 1981); *M.A.D. v. P.R.,* 277 N.W.2d 27, 29 (Minn. 1979); *C.L.W. v. M.J.,* 254 N.W.2d 446 (N.D. 1977); *Texas Dep't of Human Resources v. Delley,* 581 S.W.2d 519, 520 (Tex. Civ. App. 1979); *J.M.S. v. Benson,* 91 Wis. 2d 526, 283 N.W.2d 465, 470 (1979); *see also* Annot., *Statute of Limitations in Illegitimacy or Bastardy Proceedings,* 59 A.L.R.3d 685, § 21(a), at 759–60 (1974).

Second, Mr. Beckley contends this action is barred by laches. We disagree.

■ Laches is an equitable defense designed to prevent injury to the party asserting it, if such injury is caused by his opponent's delay. *State ex rel. Randall v. Snohomish Cy.,* 79 Wn.2d 619, 621, 488 P.2d 511 (1971). Before laches applies, a defendant must prove: (1) plaintiff had knowledge or a reasonable opportunity to discover facts constituting a cause of action; (2) there was an unreasonable delay by plaintiff in commencing the action; and (3) there is damage, prejudice or disadvantage to defendant, or an innocent third party, resulting from the delay. *Hayden v. Port Townsend,* 93 Wn.2d 870, 874–75, 613 P.2d 1164 (1980); *LaVergne v. Boysen,* 82 Wn.2d 718, 721, 513 P.2d 547 (1973); *Marsh v. Merrick,* 28 Wn. App. 156, 159, 622

P.2d 878 (1981). Here, although Delores Nettles had knowledge of the facts constituting a cause of action for paternity against Mr. Beckley, the minor child, Scott, may not have. Also, Mr. Beckley failed to testify or to produce any evidence of damage or injury to himself or a third person caused by the delay in bringing this action. *See Moody v. Christiansen*, 306 N.W.2d 775 (Iowa 1981); *McNulty v. Heitman*, 600 S.W.2d 168, 173 (Mo. Ct. App. 1980). Therefore, laches does not apply.

█ Third, Mr. Beckley contends the claim for back child support is barred by the statute of limitations or laches. We disagree. "The right of an illegitimate child to assert a claim for parental support is too fundamental to permit its forfeiture by its mother's failure to timely institute a [paternity suit]." *Kaur v. Singh Chawla, supra* at 366. Illegitimate children like legitimate children are entitled to support from their parents. *Mills v. Habluetzel*, 456 U.S. 91, 71 L. Ed. 2d 770, 102 S. Ct. 1549 (1982); *Gomez v. Perez*, 409 U.S. 535, 537–38, 35 L. Ed. 2d 56, 93 S. Ct. 872 (1973); *Kaur v. Singh Chawla, supra* at 364; *County of Lenoir ex rel. Cogdell v. Johnson*, 46 N.C. App. 182, 264 S.E.2d 816, 820 (1980); *Stringer v. Dudoich*, 92 N.M. 98, 583 P.2d 462, 463–64 (1978); *J.M.S. v. Benson*, 283 N.W.2d at 471.

RCW 26.26.150(1) provides:

> If existence of the father and child relationship is declared, or paternity . . . has been . . . adjudicated under this chapter or under prior law, the obligation of the father may be enforced in the same or other proceedings by . . . *the child,* . . .

(Italics ours.) This statute clearly gives the child the right to bring an action for back child support, and because of the child's minority, the statute of limitations is tolled. RCW 4.16.190. *Eisler v. Toms*, 160 N.J. Super. 272, 389 A.2d 529, 530 (1978); *State v. Wilson*, 634 P.2d 172, 174 (Mont. 1981); *Texas Dep't of Human Resources v. Delley, supra* at 522. Also, another statute authorizes the court to award past child support. RCW 26.26.130 provides:

(1) The judgment and order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes.

. . .

(4) . . . The court may limit the father's liability for the *past support* to the child to the proportion of the expenses already incurred *as the court deems just: Provided however,* That the court shall not limit or affect in any manner the right of nonparties including the state of Washington to seek reimbursement for support and other services previously furnished to the child.

(Italics ours.) The contention that the claim of support is barred by laches must also fail because Mr. Beckley did not present evidence of prejudice, damage or injury. There was no error.

Fourth, Mr. Beckley contends there was insufficient evidence to support the award of $10,000 back child support. Our review of the record indicates sufficient evidence to support the award and thus we find no abuse of discretion. RCW 26.26.130(4).

Finally, Mr. Beckley contends the court erred in giving full credibility to Mrs. Nettles' testimony. It is well established the trial judge appraises the credibility of witnesses, and his determination regarding such will not be overturned on appeal absent evidence to the contrary. No rebuttal testimony was offered by Mr. Beckley. He cites no authority to support his argument. It need not be considered. *State v. Young,* 89 Wn.2d 613, 574 P.2d 1171 (1978).

Affirmed.

ROE, A.C.J., and MUNSON, J., concur.