APPELLATE DIVISION

| | | |
|---|---|---|
| FERMINA S. ADA, | ) | DCA CASE NO. 83-9003 |
| Plaintiff-Appellant, | ) | CTC CASE NO. 81-240 |
| vs. | ) | OPINION |
| PEDRO OGO, | ) | |
| Defendant-Appellee. | ) | |

BEFORE:   Judges LAURETA, KEEP and LANE.*

LAURETA, District Judge:

On May 24, 1971 plaintiff Fermina Sablan, gave birth to a baby girl, Judina Sablan.  Plaintiff was not married at that time.

On June 10, 1981, Fermina Sablan, now Fermina Sablan Ada, filed a civil complaint against Pedro Ogo to establish the paternity of the child and for child support.  A part time judge was appointed by the Commonwealth Trial Court to handle the case.

*Honorable Alan L. Lane, Associate Justice, Supreme Court of the Republic of Palau, designated by the Chief Judge of the Commonwealth Trial Court in accordance with P.L. 1-5 and sitting on this panel in compliance with the requirements of 48 USC §1694b.

1044

On December 22, 1981, defendant filed a Motion to Dismiss the complaint and attached the affidavit of Pedro Ogo. Ada filed an opposition to this motion.

The court held a hearing on the motion on January 7, 1983. On January 14, 1983 the court granted the Motion to Dismiss, dismissing the complaint on the basis that the claim was barred by the general six-year statute of limitations, 6 TTC § 305.

Alternatively, the court stated that even if the statute of limitations "could not be raised as a bar, the plaintiff in this action would still be faced with the insurmountable problem of the doctrine of laches and the due process argument raised by defendant's brief."

Plaintiff filed a timely notice of appeal from this decision on February 14, 1983. Plaintiff-Appellant appeals the trial court's dismissal of her complaint on the basis that the claim was barred by the general six-year statute of limitations.

For the reasons set forth below, the decision of the trial court is REVERSED.

Appellant contends that the six-year statute of limitations provided in 6 TTC § 305 does not bar this action because 6 TTC § 306 provides that:

> If the person entitled to a cause of action is a minor or is insane or is imprisoned when the cause of action first accrues, the action may be commenced within the times limited in this chapter after the disability is removed.

Appellant argues that though the complaint in this case was brought by the mother in the mother's name, it was brought on behalf of the child, and the fact that it was brought in the mother's name is irrelevant. Appellant cites several cases in support of this proposition. There is ample case law from several jurisdictions supporting this position, but two California cases are especially relevant here.

The California Court of Appeals has specifically held that, in paternity and child support actions brought in the mother's name only, it will be presumed that the mother acted in the manner of a guardian ad litem. Van Buskirk v. Todd, 269 Cal.App.2d 680, 75 Cal.Rptr. 280 (1969). The court held that the pleading should be liberally construed in favor of the child, the real party in interest. This reasoning would especially apply where, as here, the alleged father was not misled in any way by the pleading [citations omitted].

Similarly, in Perez v. Singh, 21 Cal.App.3d 870, 97 Cal.Rptr. 920 (1971), the court held that an action to establish paternity of an illegitimate child is brought by the mother on behalf of the child, and in such action the child is the real party in interest and the statute of limitations on the paternity aspect of the case is tolled during the minority of the child. Moreover, the obligation of the father to support his child, whether legitimate or illegitimate, is a continuing duty against which the statute of limitations does not run during the minority of the child. 97 Cal.Rptr. at 921.

It is thus clear that in actions such as this, the child is the real party in interest, whether the action is brought in the name of the child, or the mother as guardian for the child, or even in the name of the mother alone. There is a general recognition by the courts that the suit is brought for the benefit of the child, and to enforce the child's rights, regardless of which name appears in the caption.

Moreover, the Washington Court of Appeals in <u>Nettles v. Beckley</u>, 32 Wash.App. 606, 648 P.2d 508 (1982), held that a paternity action is not barred by the statute of limitations since the action could have been brought by the child regardless of an authorizing state statute, and that the general statute of limitations was tolled during the child's minority.

In <u>Nettles</u>, the father moved for summary judgment, based upon the statute of limitations and laches, but the trial court denied the motion conditioned upon the amendment of the complaint to join the child, asserting his common law rights. The trial court found the defendant to be the biological father, and ordered him to pay child support.

On appeal, the court found that, while the general tolling provision had never before been specifically applied to a paternity action, it was applicable to such, and it operated to toll the statute of limitations during the child's minority. The court cited several cases in support of its finding, noting that the majority of jurisdictions had reached the same conclusion.

///

In addition, the defense of laches is unavailable to an alleged father in a paternity action in that laches cannot be imputed to the child during its minority. Stearns v. Kean, 303 N.W.2d 408 (Iowa 1981); Bratton v. Bethlehem Steel Corp., 649 F.2d 658 (9th Cir. 1980).

Before laches applies, a defendant must prove: (1) plaintiff had knowledge or a reasonable opportunity to discover facts constituting a cause of action; (2) there was an unreasonable delay by plaintiff in commencing the action; and (3) there is damage, prejudice or disadvantage to defendant, or an innocent third party, resulting from the delay. Nettles v. Beckley, supra, at 510. Like the Nettles case, although the mother here had knowledge of the facts constituting a cause of action for paternity against Mr. Ogo, the minor child probably did not. Moreover, Mr. Ogo has made no showing of any damage or injury resulting from the delay in bringing this action.[1]

In conclusion, it is clear that were we to uphold the trial court's dismissal of this action, the mother, or any other interested person, could refile an identical action as guardian or next friend of the child. There is no question that the child

— — — — — — — — —

[1] There was no opportunity for the presentation of evidence on this issue and the factual matters with regard to such could not be resolved on the pleadings. There is no indication on the face of the pleadings that the criteria of a finding of laches were met. To the extent that the trial court relied on this defense in dismissing appellant's complaint, it was clear error.

has a continuing right to support from her natural father until she reaches majority, and that the statute of limitations as applied here to paternity actions is tolled during the child's minority. Gomez v. Perez, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973); Mills v. Hableutzel, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982). It would make no sense to recognize, on the one hand, the child's right and interest in this lawsuit, and on the other, to dismiss the action simply because the mother failed to include the child's name in the caption.

We do not address here the constitutional questions raised by the parties in their briefs on appeal. These issues are left for determination on their merits by the trial court.

The decision of the trial court, dismissing plaintiff's complaint, is REVERSED.

DATED:     July 27, 1984

_____
ALAN L. LANE
Judge Designate

_____
JUDITH N. KEEP
District Judge

_____
ALFRED LAURETA
District Judge