[No. 13427-0-III. Division Three. December 14, 1994.]

THE STATE OF WASHINGTON, *on the Relation of Danielle N. O'Brien*, ET AL, *Respondents*, v. GREG COOPERRIDER, *Appellant*.

*Jerry L. Sorlien*, for appellant.

*John D. Knodell, Prosecuting Attorney*, and *James D. Kendall, Deputy*, and *John M. Antosz*, for respondents.

SCHULTHEIS, J. — After trial, Greg Cooperrider was found to be the father of Danielle O'Brien. Mr. Cooperrider contends: (1) back support should have been limited to 3 years prior to commencement of the action; (2) reimbursement to the State for public assistance payments made on behalf of

Danielle should have been limited to the amounts paid within 60 days prior to receipt of statutory notice; and (3) back support should have been limited to the amounts actually expended on the child's behalf. We affirm on all contested issues but remand for recalculation of Mr. Cooperrider's support obligations in light of the parties' concessions.

Mr. Cooperrider dated Karen Kiser over a 3-month period in 1978. Danielle was born in January 1979. Ms. Kiser testified she did not have intercourse with anyone other than Mr. Cooperrider during the relevant timeframe and was a virgin prior to this relationship. Paternity proceedings were not commenced until June 12, 1990. Mr. Cooperrider was served but asserted lack of personal jurisdiction and insufficiency of service. At trial on June 10, 1992, the court quashed service but nonetheless proceeded to take evidence when Mr. Cooperrider was served at the time of trial. That service was also later quashed. Valid service was effected on August 5, 1992, and a second trial held on March 24, 1993. The only evidence tying Mr. Cooperrider to Danielle was the testimony of Ms. Kiser and blood tests. Ms. Kiser and Danielle submitted to tests on October 23, 1990. Mr. Cooperrider was tested on January 28, 1991. The results reflect a 99.47 percent probability of paternity. The court found Mr. Cooperrider to be Danielle's father. Current support was fixed at $610.82 monthly. Back support in the amount of $23,712 was ordered. This sum was based on the 5-year period preceding commencement of the action and apportioned between the State (which had previously made public assistance payments on behalf of Danielle) and Ms. Kiser.

Mr. Cooperrider urges the applicable statute of limitations is RCW 4.16.080 rather than RCW 26.26.134 and the limitations period is thus 3 years rather than 5 as determined by the trial court. RCW 26.26.134 limits the remedy and not the right of action. Read in conjunction with RCW 26.26.130(3), however, the two mesh. The latter provides a court may order back support without any limitation. The former supplies the limitation by providing that a past support order may not reach back more than 5 years prior to

commencement of the action. So far as the right of action is concerned, there is *no* limitations period applicable to RCW 26.26 when the objective is to establish parentage. RCW 26.26.060 (paternity action may be brought "at any time"); *see also Miller v. Sybouts*, 97 Wn.2d 445, 448, 645 P.2d 1082 (1982);[1] *In re Burley*, 33 Wn. App. 629, 636-37, 658 P.2d 8, *review denied*, 99 Wn.2d 1016 (1983). Read together, these statutes preserve the right of an interested party to seek declaratory relief establishing the existence of a parental relationship at any time, but protect the alleged father from oppressive financial obligations. Finally, Mr. Cooperrider's reliance on RCW 4.16.080 is foreclosed by RCW 4.16.360 which provides "[t]his chapter does not limit the time in which an action for determination of paternity may be brought under chapter 26.26 RCW." Since fixing support obligations is an integral part of a paternity determination (RCW 26.26.130(3)), it follows that RCW 4.16.080 does not control RCW 26.26.134.

Ms. Kiser received public assistance between June 1985 and March 1991. The State sought recoupment for the period between September 1987 (5 years prior to commencement of the action) and March 1991. Mr. Cooperrider contends he was entitled to notice when the State made public assistance payments on behalf of his child and the State may not seek reimbursement for payments which predate the notification by more than 60 days. RCW 74.20A.055(2). A father who concedes paternity is entitled to such notice, and Mr. Cooperrider argues it violates equal protection when fathers who admit to parentage are treated differently from fathers who deny parentage.

---

[1]As per *Miller*, an action by a presumptive father to declare the nonexistence of paternity must be brought within a "reasonable time". An action to declare the existence of paternity, on the other hand, may be brought "at any time". 97 Wn.2d at 448. The Legislature restructured RCW 26.26.060 subsequent to *Miller*. Laws of 1983, 1st Ex. Sess., ch. 41, § 5. The present version renders it even more clear that as a practical matter, there is no limitations period applicable to paternity actions when the objective is to establish parentage. *Compare* RCW 26.26.060(1)(a) *with* (1)(b).

█ The terms of RCW 74.20A.020 foreclose Mr. Cooperrider's position. Only a "responsible parent" is entitled to statutory notice. A responsible parent is a natural parent, an adoptive parent, a stepparent, or "a person who has signed an affidavit acknowledging paternity which has been filed with the state office of vital statistics." RCW 74.20A.020(7). Mr. Cooperrider appears to be a natural parent, having been found to be such by the trial court. However, the inclusion of persons who acknowledge paternity suggests that persons who do not acknowledge paternity are not responsible parents. For a parent who does not take the initiative, only an adjudication will make him a parent and the Department of Social and Health Services lacks authority to render an adjudication. *Taylor v. Morris*, 88 Wn.2d 586, 592-94, 564 P.2d 795 (1977); *Woolery v. Department of Social & Health Servs.*, 25 Wn. App. 762, 764-65, 612 P.2d 1, *review denied*, 94 Wn.2d 1009 (1980). Implementing regulations underscore the distinction. "The department shall not apply this rule to . . . cases where parentage is in issue and has not been established by superior court order". WAC 388-11-045(2)(b).

The existence of statutes and implementing regulations does not answer Mr. Cooperrider's equal protection challenge. He points to authority holding that state action which discriminates against illegitimate children is tested under heightened scrutiny. *Gomez v. Perez*, 409 U.S. 535, 538, 35 L. Ed. 2d 56, 93 S. Ct. 872 (1973). Such authority is not on point. The applicable statutes do not include Mr. Cooperrider as a person entitled to notice. He belongs to no protected class which would trigger equal protection analysis.

Mr. Cooperrider next contends back support should have been limited to the amounts actually expended on the child's behalf. RCW 26.26.130(3) refers to "support furnished to the child". RCW 26.26.130(4) refers to "expenses already incurred". RCW 26.26.134 refers to "support provided or expenses incurred". Because all are phrased in the past tense, Mr. Cooperrider argues all contemplate that only expenditures actually made and proved are compensable.

■ The obligation to pay support in paternity cases is well established. *State v. Douty*, 92 Wn.2d 930, 936, 603 P.2d 373 (1979) (dicta); *Linda D. v. Fritz C.*, 38 Wn. App. 288, 294, 687 P.2d 223 (dicta), *review denied*, 102 Wn.2d 1024 (1984); *Nettles v. Beckley*, 32 Wn. App. 606, 609-10, 648 P.2d 508 (1982).

In 1989, RCW 26.26.130(5) was amended to provide that support shall be "determined pursuant to the schedule and standards adopted under RCW 26.19.040 [now repealed]."[2] Laws of 1989, ch. 360, § 18(5). In 1991, the Legislature enacted RCW 26.19.035(1)(b) which provides "The child support schedule shall be applied . . . [i]n judicial and administrative proceedings *under this title* or Title 13 or 74 RCW". (Italics ours.) Laws of 1991, ch. 367, § 27(1)(b). The support schedule is tied to paternity actions both by reference to RCW 26.19 and RCW 26.26. The only reported cases applying the support schedule in a paternity proceeding address the issue of application summarily without analysis. *State ex rel. Henderson v. Woods*, 72 Wn. App. 544, 556-57, 865 P.2d 33 (1994); *George v. Helliar*, 62 Wn. App. 378, 385, 814 P.2d 238 (1991). Pursuant to RCW 26.26.130(5) and 26.19.035(1)(b), actual expenses need not be proved.

Affirmed and remanded for recalculation of support obligations.

Pursuant to RCW 2.06.040, Mr. Cooperrider's remaining contentions and the court's opinion as to them are without precedential value and will not be published.

THOMPSON, C.J., and MUNSON, J., concur.

Review denied at 126 Wn.2d 1018 (1995).

---

[2]The amendment was likely a response to *Pippins v. Jankelson*, 110 Wn.2d 475, 481 n.2, 754 P.2d 105 (1988) which noted that the support schedule would apply but for the factors enumerated in the then-current version of RCW 26.26.130(5).